### SUSAN F. STANLEY *v.* WILLIAM S. MASON, Adm'r.

Under the Act of 1868-'69, chap. 258, an administrator or executor must be sued as such in the county in which he took out letters of administration or letters testamentory, provided he or any one of his sureties lives in that county, whether he is sued upon his bond or simply as administrator or executor.

This was a CIVIL ACTION against the defendant as administrator of Henry D. Turner, and at the last term of the Superior Court of the county of CRAVEN, before *Clarke, J.,* a judgment was rendered against him, from which he appealed. The facts of the case are stated in the opinion of the Court.

*Green,* for the defendant.
*Battle & Son,* for the plaintiff.

READE, J. The Act of 1868-'69, chap. 258, sec. 1, provides, "That all suits upon official bonds, or against executors and administrators in their fiduciary capacity, shall be instituted in the county where the bonds were or shall be given, if the principal or any of the sureties on the bonds is in the county; if not, then in the plaintiff's county."

The defendant resides, and took out letters of administration on the estate of his intestate in the county of Wake;

and the plaintiff resides and brought suit in the county of Craven. His Honor held that Craven county was the proper venue of the action. In this we think there was error.

It is said in support of his Honor's ruling that the statute should be construed as if it read, all suits upon official bonds or against executors and administrators *upon their bonds* shall be brought in the county where the bonds were given. And that suits against administrators or executors in their representative character, but not upon their bonds, may be brought as against other persons. But such does not seem to us to be the proper construction of the Act.

The object of the statute was to have suits against these persons, whether upon their bonds or not, in the county where they took out letters, and where they make their returns and settlements, and transact all the business of the estates in their hands.

C. C. P., sec. 69, provides that when an action is commenced in the wrong county it may be transferred for trial to the proper county. And in this case the defendant made two motions, one to dismiss and the other to remove to the county in which he resides and took out letters. To one or the other of these motions the defendant was clearly entitled.

There is error. This will be certified to the end that such further proceedings may be had as the law allows.

PER CURIAM.                                Judgment accordingly.