F. P. BIDWELL and wife *v.* R. W. KING.

An action to recover a legacy of $150, although it is alleged the executor promised to pay the interest on it and failed, must be brought in the probate Court of the County in which the will was proved.

(*Miller* v. *Barnes*, 65 N. C. Rep. cited and distinguished from this; *Stanly* v. *Mason*, 69 N. C. Rep. 1; *Foy* v. *Morehead, Ibid,* 512, cited and approved.)

This was a CIVIL ACTION against the defendant as executor, to recover a legacy, tried before *Mitchell, J.,* at Fall Term, 1873, of ALLEGHANY Superior Court.

The *feme* plaintiff, residing in Alleghany county, became entitled to a legacy under the will of her grand-mother, who died in Lenoir county, in which her will was admitted to probate and the defendant, a resident therein, qualified as executor.

The plaintiff alleges that the defendant promised to pay her the interest on the legacy until a certain contingency arose, (her marriage,) at which time he was to pay the principal thereof. That she had intermarried with the other plaintiff, and that defendant had failed to comply with his promise.

At the return term the defendant moved to dismiss the complaint for want of jurisdiction, in this, that the action ought to have commenced in the Probate Court. At the trial his Honor overruled the motion; when the defendant demanded that it should be transferred to the Superior Court of Lenoir county. His Honor refusing this, the defendant appealed.

*Attorney General Hargrove* and *Furches*, for defendant.
No counsel *contra* in this Court.

RODMAN, J. Two objections are made to plaintiff's action.
1. That it should have been brought in the Probate Court. We are of opinion that it should have been. The facts do not bring it within the principles decided in the case of *Miller* v. *Barnes* 65 N. C. Rep. 67. Here it is not alleged that the

defendant ever promised to pay the principal of the legacy; although it is alleged that he promised to pay the annual interest, and failed to do it. The Probate Court has general original jurisdiction of actions to recover legacies. *Bell* v. *King*, 70 N. C. Rep 330, and no circumstance is here alleged to make the case an exception to the general rule. The Superior Court had no jurisdiction of the action.

2. An executor is entitled to be sued in the county in which he proved the will and qualified as executor. *Stanly* v. *Mason*, 69 N. C. Rep. 1, and *Foy* v. *Morehead, Id.* 512.

PER CURIAM.                              Action dismissed.