# KENT COUNTY.

### STATE *vs.* ALMON READ.

A statute comprising but one section closed with the following *proviso:* " *Provided, however*, that nothing herein contained shall be construed to prevent innkeepers, grocers, or other persons from pursuing their ordinary business at their usual place of doing business, nor to prevent any person from selling victuals in his usual place of abode : "
*Held,* that the negative averments of a criminal complaint referring to this proviso must be proved by the State.
The " Rhode Island and Eastern Connecticut Advent Christian Conference " was in a criminal complaint miscalled the " Rhode Island, Easton, Connecticut Advent Christian Conference : "
*Held,* a clerical error, and no ground for quashing the complaint.
In a complaint under Public Laws R. I. cap. 629, March 30, 1877, the State must prove that the society holding the meeting was a religious society.

EXCEPTIONS to the Court of Common Pleas.

This case was a criminal complaint before the Justice Court of Coventry for a violation of Pub. Laws R. I. cap. 629, of March 30, 1877, charging that the defendant did "keep and expose for sale certain drinks, food, and merchandise within one mile of the place of holding the camp meeting of the Rhode Island, Easton, Connecticut Advent Christian Conference, the said conference being then and there a religious society, and then and there holding such camp meeting, without the consent of said society or of its proper officers; the said Almon Read not then

and there being an innkeeper, grocer, or person pursuing his ordinary business at his usual place of doing business, and not then and there being a person selling victuals in his usual place of abode."

The statute, Pub. Laws R. I. cap. 629, is recited in the opinion of the court of July 19, 1879, in the next following case.

The complaint was carried to the Court of Common Pleas by the defendant's appeal, and after a verdict against him was brought into this court by his exceptions to the rulings of the presiding judge.

The first exception was to the refusal of the court to quash the complaint, because the evidence showed the name of the society holding the meeting to be " the Rhode Island and Eastern Connecticut Advent Christian Conference."

The second exception was to the refusal of the court to quash the complaint, because it did not follow the words of the statute, and allege that the society was holding a " camp, tent, grove, or other out-door meeting," for some " purpose connected with the object, for which such religious society was organized."

The other exceptions were to the charge given to the jury in the Court of Common Pleas. The defendant requested the presiding judge to charge that the State must prove the negative averments of the complaint. This request was refused, and the jury was instructed that the negative averments were matters of defence for the defendant to avail himself of at his discretion. These averments referred to the following proviso which concludes the statute : " *Provided, however*, that nothing herein contained shall be construed to prevent innkeepers, grocers, or other persons from pursuing their ordinary business at their usual place of doing business, nor to prevent any person from selling victuals in his usual place of abode."

The defendant also requested the presiding judge to charge that the State must prove the purposes for which the society was organized to be within the scope of the statute, which provides : " Whenever any religious society shall hold," &c. This request was refused, and the jury was instructed that the purpose for which said society was organized was not material to the issue. The defendant also requested the presiding judge to charge that the State must prove that the society was holding a " camp, tent, grove, or other out-door meeting, for some purpose connected

with the object for which such religious society was organized." This request was refused, and the jury was instructed that a " camp meeting," those being the words used by the witnesses, was understood to be a religious meeting, and that evidence of a camp meeting was sufficient to bring the defendant within the law, if he was shown to have kept and exposed for sale the things mentioned in the statute.

*Providence, July* 5, 1878. PER CURIAM. We think the defect in the name of the society was clerical merely and not such as to mislead, and, therefore, not a ground for quashing the complaint. We think a camp meeting is *ex vi termini* a religious meeting, and, therefore, inasmuch as the society named is alleged to be a religious society, that it was not necessary to allege that the meeting was held for a " purpose connected with the object for which the society was organized," that being implied. The first two exceptions are therefore overruled. But, on the other hand, we do not think the government was entitled to a verdict of guilty against the defendant without proving that the society named was a religious society, and that the meeting which it was holding was a camp meeting, or without proving the negative averments of the complaint, they being in our opinion essential parts of it. The other exceptions are, therefore, sustained.

*New trial granted.*

*Ira O. Seamans*, for plaintiff.
*Dexter B. Potter*, for defendant.

The following year another complaint issued against the same defendant, Read, for a violation of the same statute. In this proceeding his counsel alleged that the statute in question was unconstitutional. These cases are printed together to avoid confusion in reference; the parties being the same.