STATE, ex rel. E. T. CLARK, Administrator of S. G. Boone, v. R. M. PEEBLES, Administratrix, and W. W. PEEBLES.

*Venue—Administration Bond.*

A qualified as administrator of B, in Halifax County, and gave bond there. Afterwards A died in Northampton, and C qualified as his administratrix, in that county. C, administratrix, and D, one of the sureties on the bond of A, resided in Northampton, and were sued in Halifax county, on the bond of A, by a resident of Halifax; *Held*, that the action was properly brought in Halifax, under § 193 of *The Code*.

MOTION to remove a case from Halifax County to North-ampton County, for trial, heard before *Avery, J.,* at Fall Term, 1887, of HALIFAX Superior Court.

The facts appear in the opinion.

*Mr. T. N. Hill,* for the plaintiff.
*Mr. W. W. Peebles,* for the defendants.

SMITH, C. J.   The present action, begun in the name of the State, on the relation of Edward T. Clark, Administrator *de bonis non cum testamento annexo,* of Solomon G. Boone, is brought upon an administration bond, executed by J. T. Peebles, a former administrator (of whom the defendant R. M. Peebles is administratrix), principal, and the defend-ant William W. Peebles, one of the sureties, the other being dead and his estate insolvent, to recover the trust estate in the hands of the preceding administrator, with which the bond sued on is chargeable.   The summons was duly served upon the defendants in Northampton county, and at Fall Term, 1886, of Halifax Superior Court, to which the process was returnable, the plaintiff filed his complaint, to which a demurrer was entered.   Issue being joined on the demurrer, the cause stood for trial at Spring Term, 1887, when leave was given the plaintiff to amend, and to the amended com-plaint the defendants put in their answer before the close of the term, and then applied for an order of removal, as follows:

Motion to remove the cause for trial, under § 193 of *The Code,* heard at Fall Term, 1887, of Halifax Superior Court, before Avery, J.

The facts are as follows : Solomon G. Boone died domiciled in Halifax County in 1865.   At November Term of the Court of Pleas and Quarter Sessions, 1865, of Halifax County, William C. Boone qualified as his administrator with the will annexed.   He died, and John T. Peebles qualified at Novem--

ber Term, 1866, as administrator *d. b. n. c. t. a.* The said .John T. was a resident of Northampton County, and died in that county in the year 1879, and R. M. Peebles qualified as his administratrix in November, 1879.

W. W. Peebles, the defendant, and one of the sureties of .John T. Peebles, lives now and did live when the administration bond of John T. Peebles was executed, in Northampton County.

Rice B. Pierce, who is a surety on the bond of John T. Peebles as administrator, lived in Halifax County and died there, his estate being insolvent.

The defendants move the Court for a change of *venue* to Northampton County. The motion, on objection by plaintiffs, and after argument of counsel, was refused, and the defendants excepted and appealed.

The statute pursuant to which the order of removal is demanded was not a part of the Code of Civil Procedure in its original enactment, but was introduced evidently as an amendment and qualification to section 192, which it succeeds in the transfer, as section 193 of *The Code*, where, in its present form, it appears as follows: " All actions upon official bonds, or against executors and administrators in their official capacity, shall be instituted in the county where the bonds shall have been given, if the principal or any of the sureties on the bond is in the county; if not, then in the plaintiff's county." The only material change of form undergone in the transfer is the substitution of "*official*" in the place of "*fiduciary*" before the word "capacity."

The preceding section, in broad, comprehensive terms, embraces all suits, the place of trial of which had not been before provided for, and directs them to be brought to, and tried in, any "county in which the. plaintiffs or the defendants, or any of them, shall reside at the commencement of the action," and the effect of the added amendment is to

withdraw from the sweeping terms the class of cases mentioned in the amendment.

The operation of this act, passed at the session of 1868–'69, Chapter 258, is manifestly confined to actions upon *official bonds*, unless, as appellants' counsel insists, its sphere is enlarged so as to apply to all actions brought against executors and administrators in their fiduciary and representative capacity upon a liability incurred by the testator or administrator in his life-time.

There would be force in the contention of the appellants as to the meaning of the act if the words "executors and administrators" are to be construed as severed from their place in the section, and without reference to their connection with other and restrictive words, which serve to explain their import and show the legislative intent in passing the statute.  What follows shows them to have been used in a restricted sense in requiring such actions to be instituted " in the county where the bonds shall have been given," that is, the *bonds upon which the suit is brought,* and this in case any of the obligors, principal or any surety is (resides) in the county.  Manifestly the section exempts from the operation of that preceding, suits upon *official bonds,* and none other, and this appears in the fact that such bonds, as giving rise to the action, are mentioned three times in the section.  In our opinion, the purpose was to require actions on official bonds to be brought in the county where they were given, whether against the obligors personally upon the contract or against the representatives of any of them who may have died ; and for this purpose only, were these representatives specially designated, to the end that in either case the attaching jurisdiction should be in the Court of the county wherein such letters were issued and the bond executed.  So the act seems to have been interpreted when its provisions were applicable to the subject-matter of judicial investigation.

" The object of the statute," says Mr. Justice READE, speaking for the Court, " was to have suits against these persons, whether upon their bonds or not, in the *county where they took out letters*, and where they make their returns and settlements, and transact all the business of the estates in their hands. *Stanley* v. *Mason*, 69 N. C., 1 ; *Foy* v. *Morehead*, Ibid., 512 ; *Bidwell* v. *King*, 71 N. C., 287. And the same principle is recognized in reference to an action·upon a guardian bond in *Cloman* v. *Staton*, 78 N. C.. 235, where the same eminent Judge delivers the opinion also.

The present action is upon a bond executed in the County of Halifax, upon the appointment of the intestate of the defendant R. M. Peebles, as administrator, and was required to be there instituted, if any of the defendants had a residence therein. As neither of them did have such residence, the plaintiff's residence in the county determines the jurisdictional question, and the suit is in the proper county. The contrary view would lead to numerous difficulties in the practical enforcement of the law, as will readily occur to the professional mind. Suppose there are numerous sureties, who, residing in different counties, die, and letters there issue upon the estate of each, must a suit, brought against all in one Court, upon the application of each be divided into as many fractional parts and sent to their different counties of residence? Or, to avoid this, must there be as many different actions brought to enforce the same single obligation against the separate obligors? Does the statute authorize, or compel, this unnecessary multiplication of actions to effect the same recovery?

Again, it is required, when a removal is directed, that "the Clerk shall transmit to the Court, to which the same (cause) is removed, a transcript of the record of the case, with the *prosecution bond, bail bond and the depositions, and all other written evidences* filed therein." *The Code*, Sec. 198.

How is this practicable, in case there are several orders of

removal, and how can the same original papers, that must accompany the record at the same time, be transmitted to different counties? .

If this obstacle be sought to be put out of the way by the removal of the cause as an entirety to some one Court, difficulties equally insurmountable are met. If a resident defendant's preference is of the place where the cause is pending, and another, a non-resident, wishes a removal, whose will is to prevail? Has not the one an equal right to prevent as the other has to have the proposed removal? Or if, among several non-residents, each wishes to have the cause removed to his own county, how are the conflicting demands to be adjusted?

If the right to have the transfer appertains to a defendant when he is sued, not upon his own bond, but upon an obligation of the deceased person whom he represents, it must be confined to cases where there is but himself, or when an associate unites with him in making the application, so that when jurisdiction is rightfully acquired over one, it is acquired over all the defendants; and a plaintiff has a right to bring all the defendants in a single action before one Court of competent jurisdiction.

Our conclusion is, that the Court has jurisdiction, and the cause was rightfully retained. There is no error, and the judgment is affirmed.

No error. Affirmed.