MARGARET L. THOMAS, Appellant, *v.* MARY SMITH, Respondent.

*Dismissal of the complaint on the opening of the case — offense within chapter 340 of the Laws of 1890 — judicial notice of "camp meeting."*

The defendant in an action has the right to make a motion to dismiss a complaint on the ground that it fails to set forth a cause of action after the impaneling of a jury for the trial thereof, and before the case is opened; such motion is in effect a demurrer, and the practice is not to be commended as a careful and deliberate method of securing justice upon a trial.

Where a person does an unlawful act, which results in a particular injury to another, the latter has a remedy by action.

In order that an offense should be within chapter 340 of the Laws of 1890, it is not necessary that the person stating to a reporter libelous matter should procure its publication; it is merely required that publication thereof be secured by reason of her statement.

Words in slander suits must be given their common and popular signification, and a court may take judicial notice that a "camp meeting" is a religious meeting.

APPEAL by the plaintiff, Margaret L. Thomas, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 21st day of October, 1893, dismissing the plaintiff's complaint after a trial at the Kings County Circuit, and also from an order made at the Kings County Circuit on the 21st day of October, 1893, denying the plaintiff's motion that evidence be taken on the issues raised by the answer and the defendant's denial therein.

*Wm. J. Nicholson*, for the appellant.

*J. T. Marean*, for the respondent.

PRATT, J.:

This is an appeal from a judgment entered on an order dismissing the complaint on a motion made after the jury had been impaneled, and before the case was opened, upon the ground that the complaint failed to set forth a cause of action.

It was, in effect, a demurrer. As matter of law defendant had a right to make such motion, but the practice is not to be commended as a careful and deliberate method of securing justice upon a trial. Had a demurrer been interposed plaintiff's counsel would have been apprised of the fault (if any) in his complaint, and had time to prepare for argument or take measures to cure the defects in his pleading.

The complaint is as follows, to wit:

"*First*. That the plaintiff is a married woman, the wife of Mr. Harry Thomas, and is a woman of standing and respectability in the community and among her neighbors where she is known.

"*Second*. That as plaintiff is informed and believes, the defendant, with the intent to injure and defame plaintiff in her domestic and social relations, on or about the 10th day of August, 1892, in the city of Brooklyn, stated and declared and spoke to and in the hearing of a representative of the weekly newspaper published weekly in Brooklyn in the vicinity where plaintiff resides, and of sundry other persons, that 'she (meaning this plaintiff) was intoxicated at a camp meeting held an evening or two prior; that she (meaning plaintiff) caused a disturbance at the meeting, and that she had to be put out by a policeman.'

"That said statements by defendant were absolutely false, and were made maliciously by defendant to have same published and to malign and disgrace this plaintiff.

"That said false statements against plaintiff, so publicly made by defendant, have been published as intended by defendant, and by the reason of the acts of defendant aforesaid, and of her said statements, and the publicity maliciously secured by defendant to spread same in said community, and through a newspaper, plaintiff has thereby been caused great trouble and anguish in mind and body, and has been put to legal and other expense in refuting and deny-

ing defendant's said calumnies, all this to her damage in the sum of ten thousand dollars."

It is necessary, in the first place, to see what the complaint charges. It not only charges slanderous words spoken, but more; it charges an unlawful act on the part of the defendant by and from which the plaintiff has suffered damage.

It is generally conceded that where a person does an unlawful act, which results in a particular injury to a person, the latter has a remedy by action.

That unlawful act was stating to a newspaper man, a reporter, libelous matter concerning the plaintiff, and thereby securing the publication thereof. (Chap. 340, Laws of 1890.)

Is there any doubt that the publication was *secured thereby?* The statute does not say that the person in making the statement must procure it to be published or take any active part in its publication in order to be guilty of a misdemeanor, but that making the libelous statements and *thereby* securing the publication thereof is sufficient.

I also think that the complaint charged a libel. Suppose a person went into a newspaper office and dictated to a stenographer, for the purpose of having it published, libelous matter, would he not be liable for setting the libel in motion? It is not necessary that he should write it out. He is as much a principal in the matter as the editor or publisher, more guilty, in fact.

A libel was published, and all engaged in it knowingly were principals, and the complaint sufficiently so charges, specifically setting out the part played by the defendant.

Neither do I regard it as clear that a good cause of action for slander is not set out in the complaint. Defendant charged that the "plaintiff was intoxicated at a *camp meeting* held an evening or two prior." "That she (meaning the plaintiff) caused a disturbance at the meeting, and that she had to be put out by a policeman."

The respondent seems to concede that disturbing a religious meeting is slanderous *per se,* but says it is not alleged that a camp meeting is a religious meeting.

I venture to say that not one person in ten thousand in this community in hearing the expression. *camp meeting* would think the term meant anything but a religious meeting. Words in slander suits must be given their common and popular signification.

It would not have been stretching judicial authority much if the court had taken judicial notice of the fact that a camp meeting was a religious meeting under the well-established rule that courts will take notice of whatever ought to be generally known in the limits of their jurisdiction. At all events, a simple amendment would not have surprised the defendant and would have been in furtherance of justice.

That the defendant appreciated fully the complaint is apparent from the fact that she duly filed her answer in which, among other matters, she pleaded substantially the truth of the libelous charges in justification. Considering all these facts we do not think that the order for dismissal ought to have been granted.

We think that the plaintiff should have been allowed to proceed with her case and amend, if necessary.

A trial is meant to be a fair struggle after the truth, and not a rivalry in shrewdness or a trap for the unwary. (*Salisbury* v. *Howe,* 87 N. Y. 128.)

The plaintiff had stated facts and conduct on the part of the defendant which were willful, unlawful and malicious, and the court was bound to give her such relief, when proved, as the laws required.

The judgment must be reversed and new trial granted, plaintiff to have leave to amend, without costs.

DYKMAN and CULLEN, JJ., concurred.

Judgment reversed and new trial granted, without costs, plaintiff to have leave to amend.