## ANNA C. WOOD v. J. L. MORGAN.

*Action Against Administrator— Venue—Removal.*

1. Since, under Section 193 of *The Code*, all actions against administrators, &c., in their official capacity, must be brought in the county where the bonds were given, if the principal or any of the sureties reside therein, an action brought by plaintiffs residing in R. county against an administrator who gave bond and resides in M. county was properly removed to the latter county for trial.

2. When the only cause of action alleged in a complaint is that the defendant, as administrator, neglected and failed to discharge his duties as such, the action can be considered only as brought against him in his official capacity.

This was a motion in a CIVIL ACTION, pending in the Superior Court of RUTHERFORD County, at Fall Term, 1895.

As appears from the complaint filed in this cause, the plaintiffs are the widow and one of the heirs-at-law of P. B. Morgan, deceased, and the defendant is the administrator of the said P. B. Morgan, deceased, having administered on the estate of P. B. Morgan in the County of McDowell in 1886. It further appears from the complaint in this action, that the plaintiffs claim the sum of ........ dollars to be due them from the defendant by reason of his wrongful conversion of funds coming into his hand as administrator as aforesaid, and also by reason of his negligence in failing to collect certain evidences of debt due the estate of the said P. B. Morgan, deceased.

It is admitted by the parties that the plaintiffs reside in Rutherford county, and the defendant, J. L. Morgan, administrator of the said P. B. Morgan, deceased, and his bondsmen upon his administration bond, do now reside and have since, prior to 1886, resided in McDowell, in

which said county the letters of administration of the said
P. B. Morgan were issued.

The defendant in apt time made his motion for the
removal of this cause to the County of McDowell for trial.
The motion was allowed, and his Honor, *E. W. Timber-
lake, Judge presiding*, signed the following order :

" This cause coming on to be heard against the defend-
ant, who is a resident of McDowell county, and upon a
motion of defendant to remove the cause to McDowell
county for trial, and it appearing to the court from the
complaint that the proper venue in this action is in
McDowell county :

" It is considered that the cause be removed to McDowell
county for trial, and the clerk of this court will make a
transcript of the papers in the case and transmit them to
the clerk of the superior court of McDowell county, who
shall place this cause upon the civil issue docket for trial."

It appears from the summons that the action was
brought against the defendant, J. L. Morgan, in his indi-
vidual capacity, and his bondsmen on his administration
bond are not parties to the action.

From the foregoing order of Judge Timberlake the
plaintiffs appealed.

*Messrs. McBrayer & Eaves*, for plaintiff (appellant).
No counsel, *contra*.

FURCHES, J. : The judgment, ordering the removal of
this action from Rutherford to McDowell county for trial
must be sustained. We see no reason for distinguishing
it from *Stanly* v. *Mason*, 69 N. C., 1 ; *Foy* v. *Morehead*,
69 N. C., 512 ; *Bidwell* v. *King*, 71 N. C., 287.

But it is contended that the cases cited do not apply to
this case, under Section 193, which is claimed to be an

amendment of Section 192 of The Code of Civil Procedure, and *Clark* v. *Peebles*, 100 N. C., 348, is cited as authority for this contention. It is true that *Clark* v. *Peebles* discusses the change of the word "fiduciary" into the word "official." But it quotes *Stanly* v. *Mason*, *Foy* v. *Morehead* and *Bidwell* v. *King*, *supra*, approvingly. And there is no intimation in the opinion that this slight verbal alteration has changed the law as announced in these opinions.

If we understand the ground upon which the judgment of the Court is based in *Clark* v. *Peebles*, *supra*, it is that none of the defendants in that case lived in Northampton county. So, if that case announces a doctrine differing from the former decisions of this Court, (and we do not understand it does,) it does not sustain plaintiff's contention in this case. Here the administration was in McDowell county, where the defendant then and now resides.

The case states that "it appears from the summons that the action was brought against the defendant, J. L. Morgan, in his individual capacity." This must mean that the defendant alone was sued—that he is the only individual sued ; but, as the only ground of complaint—cause of action —alleged against him is that, as administrator, he neglected and failed to collect in the assets of the estate, and to account and pay them over as the law required, this is certainly an action against him in his "official" capacity for not discharging the duties of his *office* as administrator according to law.

No Error.    Affirmed.