THE FARMERS' STATE ALLIANCE OF NORTH CAROLINA v. WILLIAM MURRELL, et al.

*Action Against Administrator—Venue—Application to Remove Cause to Proper County.*

1. Under Section 193 of *The Code* an action against an administrator of a decedent, whether upon the official bond of the administrator or for the purpose of holding him liable for any act of his, or for any liability of his intestate incurred in his lifetime, must be brought in the county where the bond was given if the principal or any of his sureties is in such county.

2. If the application for removal of an action to the proper county be made before time for answering expires, it matters not when the motion is heard.

MOTION to remove the cause to another county for trial, for that the action was brought in the wrong county, contrary to Section 193 of *The Code*, heard before *McIver, J.*, at February Term, 1896, of WAKE Superior Court.

It appeared from the pleadings that Elijah Murrell, one of the sureties on the bond sued on, had died before the

commencement of the action, and that the principal in the bond, William Murrell, (also a defendant in this action,) had with John F. Cox, another surety, and also a defendant in this action, qualified as administrator of said Elijah Murrell, deceased, before the commencement of this action. These facts also appear by affidavit filed at the time the motion was made at the return term of the summons; and the affidavit itself not being found, the plaintiff admitted that it had been duly filed as alleged.

The plaintiff contended that Section 193 of *The Code* applied only to suits on official bonds of executors and administrators, and not to suits like this, the purpose of which is to establish a debt or claim against the estate of Elijah Murrell and enforce it against other parties defendant also. His Honor granted the motion, and plaintiff appealed.

*Mr. W. J. Peele*, for plaintiff (appellant).
*Mr. J. B. Batchelor*, for defendants.

FURCHES, J.: This is a motion to remove the cause for trial from the County of Wake to the County of Onslow. The motion was allowed, and plaintiff appealed. There is no dispute but that the court has jurisdiction of the subject-matter of this action, and this motion only affects the venue. Two of the defendants are sued as administrators of Elijah Murrell, who were appointed, qualified and gave bond as such in the County of Onslow; and all the defendants reside in that county, and all join in the application to remove. *Clark* v. *Peebles*, 100 N. C., 348.

The plaintiff being a domestic corporation, it has no residence as provided under Section 192 of *The Code*. *Cline* v. *Mfg. Co.*, 116 N. C., 837. But if it had, and resided in Wake county, Section 193 provides that "all

actions upon official bonds, *or against* executors and administrators in their official capacity, shall be instituted in the County where the bond shall have been given, if the principal or any of the sureties on the bond is in the county; if not, then in the plaintiff's county." This section has been construed to apply to all actions against executors and administrators sued in their official capacity, whether on their official bond or for the purpose of holding them liable for any act of theirs as such personal representative, or for any liability their testator or intestate incurred in his lifetime. *Stanly* v. *Mason*, 69 N. C., 1; *Foy* v. *Morehead*, 69 N. C., 512; *Bidwell* v. *King*, 71 N. C., 287. It is true there is an intimation in *Clark* v. *Peebles*, 100 N. C., 348, that seems to doubt the ruling in *Stanly* v. *Mason*, *supra*, as to debts due by the intestate or testator before his death. But it was not overruled, as it was not necessary to pass upon that point in that case; and after considering the question in this case we have concluded not to do so, as the statute seems to be plainly written in that way. *Wood* v. *Morgan*, 118 N. C., 749.

This would seem to dispose of the case, but for the fact that the action was returnable to April Term, 1894, and this motion was not heard until April Term, 1896. And Section 195 of *The Code* provides that application must be made in writing before the time for answering expires, which was at April Term, 1894. But it was found as a fact that this application was made by the defendants at the return term of the court. This finding of fact cures what seems to be a ground for reversing the ruling of the court in making the order of removal. For that, after the motion was properly made, was then a matter with the parties and the court as to when it should be heard. It may be the plaintiff did not ask a hearing until April,

Term 1896, and defendants should not be prejudiced on that account. The facts found we cannot review, and, upon the facts as found, we find no error in the ruling of the court.                                        Affirmed.