W. P. HANNON, ADMINISTRATOR, v. SOUTHERN POWER COMPANY ET AL.

(Filed 16 May, 1917.)

1. **Venue—Nonresidents—Municipal Corporations—Executors and Administrators—Domicile—Statutes.**

Where the plaintiff sues a nonresident corporation and a municipal corporation jointly for the wrongful death of his intestate in the county in which the intestate died domiciled, but at the time of commencing the action, by change made in the county line, the place of the domicile was in an adjoining county, the question of venue is ordinarily governed by the *locus* at the commencement of the action. Revisal, sec. 421.

2. **Executors and Administrators—Letters—Proper County—Statutes.**

*Semble,* Revisal, sec. 16 (1), requiring letters of administration to be taken out in the county of the death of deceased, means such county wherein this locality is situate at the time of taking out the letters, when by statute such change has been made.

3. **Executors and Administrators—Venue—Domicile of Intestate.**

Where an administrator sues to recover for the death of his intestate transpiring in a different county from that of his own residence, he may bring his action in the latter county; though it is otherwise when the personal representative is the party defendant.

4. **Venue—Foreign Corporations—Executors and Administrators—Wrongful Death—Statutes.**

A foreign corporation may be sued by an administrator for the wrongful death of his intestate either in the county wherein the cause of action arose or that of the personal representative of the deceased. Revisal, sec. 423.

5. **Venue—Municipal Corporations — Officials—Wrongful Death — Executors and Administrators.**

The requirement of Revisal, sec. 421, that action against a municipal officer be brought in the county of the municipality, applies to actions on official bonds, and not against municipal corporations except as falling under Revisal, sec. 420 (2), which is inapplicable to actions by an administrator to recover for the wrongful death of his intestate.

**6. Venue—Statutes, General—Special—Exceptions—Municipal Corporations —Executors and Administrators.**

> Revisal, sec. 420, providing, among other things, that an action against a public officer be brought in the county wherein the cause of action arose, subject to the power of the court to change the place of trial, Revisal, 425, is general in its terms, and Revisal, sec. 424, should be construed as an exception thereto, allowing an administrator to sue at his election in his own county for the wrongful death of his intestate.

**7. Venue—Public Policy—Statutes—Conflicting Laws.**

> As a general rule, when not prohibited by public policy expressed by statute, a resident party seeking the aid of our courts may select the forum; and this should prevail when the statutory provisions respecting the venue are conflicting.

APPEAL by defendant from *Cline, J.,* at March Term, 1917, of GASTON.

This action was begun in *Gaston* against the Southern Power Company and the town of Kings Mountain as joint defendants, to recover damages for the wrongful death of plaintiff's intestate, which occurred from coming in contact with a live wire. The Southern Power Company is a nonresident of this State and the town of Kings Mountain is a municipal corporation located in *Cleveland.* The plaintiff qualified as administrator of his intestate, who was a resident in territory which at his death lay in Gaston, but "at the commencement of the action" lay in Cleveland by reason of a change in the county boundary.

At March Term, 1917, of Gaston, which was the appearance term, the defendant the town of Kings Mountain, in due time and before answering, filed a written motion to remove this cause to Cleveland for trial. The other defendant objected to the removal of this cause to Cleveland. The court overruled this motion to remove, and the town of Kings Mountain appealed.

*Gwynn & Hannon and Mangum & Woltz for plaintiff.*
*O. Max Gardner, J. R. Davis, and Ryburn & Hoey for defendant.*

CLARK, C. J. The death of the plaintiff's intestate, 16 August, 1916, was caused by contact with a live wire in that part of the town of Kings Mountain which at that time lay in the county of Gaston, but when this action was instituted on 6 February, 1917, the Legislature had changed the county line so that all the town lay in Cleveland. The question of venue is governed by the *locus* "at the commencement of the action."

Revisal, 424.

Letters of administration should be taken out in the county where the deceased was domiciled at the time of his death. Revisal, 16 (1). We are inclined to think that this means in the county in which the locality

of his death is situated at the time letters of administration are applied for, for that is the county which, at that time, has jurisdiction to issue the letters. In this case the plaintiff has taken out letters of administration both in Gaston and in Cleveland. However, a personal representative can bring an action at his election in the county in which he personally resides, though it is otherwise when he is sued in that capacity. *Whitford v. Ins. Co.,* 156 N. C., 42; *Smith v. Patterson,* 159 N. C., 138.

Revisal, 423, authorizes an action against a foreign corporation, either in the county in which the cause of action arose (which here is Cleveland, at the time of the commencement of the action) or in the county in which the plaintiff resides (which here is Gaston).

The defendant, however, contends that when the action is against a municipal officer the action must be brought, under Revisal, 421, in the county of Cleveland, but that section applies only in actions upon official bonds, and not against municipal corporations as such, except in cases falling under Revisal, 420 (2), which is not the case here.

The defendant, therefore, has no ground on which to base his motion to remove, *Cecil v. High Point,* 165 N. C., 431, unless Revisal, 420, controls, which provides that the cause "must be tried in the county where the cause of action arose," subject to the power of the court to change the place of trial, under Revisal, 425.

It is true that here the "cause of action arose" in a locality which "at the beginning of this action" was situated in the county of Cleveland. But we think that Revisal, 420, being a general provision the provision in 424 giving the plaintiff the right to select the forum must be "construed as an exception to its provisions." *Cecil v. High Point,* 165 N. C., 431, in which the matter is fully discussed and we think properly settled. Otherwise the two provisions are irreconcilable. We think the later statute, 424, is an exception to the general rule laid down in Revisal, 420.

Unless the sections subsequent to 420 are intended as exceptions to the general rule prescribed in Revisal, 420, they would be nugatory in all cases of conflict. Besides, it is a general rule as to venue that unless clearly denied by public policy expressed by statute, the party seeking the aid of the court, the plaintiff, should select the forum. This is founded upon the reason of the thing and should prevail when, as here, there is an apparent conflict in the provisions of the statute.

The denial of the motion to remove to Cleveland, as a matter of right, is

Affirmed.