LUCY BANKS v. J. C. JOYNER, ADMINISTRATOR OF ESTATE OF J. J.
AMERSON, AND TOWN OF WELDON.

(Filed 22 January, 1936.)

1. **Municipal Corporations E d: Negligence B c—Pleadings held to allege passive negligence of city insulated by active negligence of driver.**

    A guest injured in an automobile accident instituted action against the administrator of the person driving the car at the time of the accident, alleging that her injuries were caused by the driver's negligence. Defendant moved that the town in which the accident occurred be made a party defendant, and upon its joinder, filed answer alleging that the town was negligent in failing to keep its streets in a reasonably safe condition, and that such negligence was the sole proximate cause of the injury. The town filed answer denying negligence on its part and alleging that the negligence of the original defendant's intestate was the sole proximate cause of the injury. Upon the call of the case for trial the town demurred *ore tenus* to the complaint. *Held:* Even construing the complaint and answer of the original defendant, together with the answer of the town under the doctrine of aider, the town's demurrer was properly sustained, since the pleadings allege active negligence on the part of the driver of the car, which insulated the negligence of the town, and must be considered the sole proximate cause of the injury.

2. **Venue C b—Upon dismissal of action as to defendant town, action was properly remanded to county in which defendant administrator qualified and in which plaintiff resides.**

    Plaintiff instituted suit in the county of her residence, and the county in which defendant administrator qualified. Upon joinder of a town as a party defendant, the action was removed to the county in which the town is located, C. S., 464. The town's demurrer was sustained and the action dismissed as to it. *Held:* Upon sustaining the town's demurrer, the court properly remanded the action to the county in which it was originally instituted.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the defendant Joyner, administrator, from order of *Moore, J.,* sustaining demurrer of the town of Weldon, entered at the January Term, 1935, of HALIFAX. Affirmed.

The plaintiff instituted this action in Wilson County against J. C. Joyner, administrator of J. J. Amerson, deceased, to recover damages for personal injuries alleged to have been caused by the negligent and reckless operation of an automobile driven by defendant's intestate, while she was riding therein as a passenger on the streets of the town of Weldon. Before the time for answering expired the defendant Joyner, administrator, filed a motion alleging that the plaintiff's injuries were caused solely by the negligence of the town of Weldon, in that it

failed to use due care to keep its streets in reasonably safe condition, and asking that said town be made a party defendant, and an order was entered by the clerk of the Superior Court of Wilson County making such town such party. Thereupon, on motion of the town of Weldon, the case was removed from Wilson County to Halifax County. Thereafter the original defendant filed an answer in which he denied any negligence on the part of his intestate, and for further answer averred that any injuries sustained by the plaintiff were due to the negligence of the town of Weldon, and prayed judgment (a) that the original defendant go without day, (b) that any recovery to which the plaintiff might be entitled be had against the town of Weldon, and (c) that if the plaintiff should recover judgment against the original defendant, that then he have judgment over against the town of Weldon. The town of Weldon then filed an answer in which it denied any negligence on its part, and alleged contributory negligence on the part of the plaintiff, and also alleged that the plaintiff's injuries were caused by the negligent and reckless operation of the automobile in which the plaintiff was a passenger, by the intestate of the original defendant and asked (a) that there be no recovery against it by the plaintiff, and (b) that if the plaintiff should recover of the original defendant that there would be no recovery by him over against the town of Weldon.

The case was called for trial in the Superior Court of Halifax County, and after a jury was impaneled and the pleadings read, the town of Weldon demurred *ore tenus* to the complaint and to the further answer of the original defendant on the ground that they did not state facts sufficient to constitute a cause of action against it. This demurrer was sustained and the original defendant excepted.

Upon the sustaining of the demurrer the plaintiff moved to remand the case to Wilson County, which motion was granted, and the original defendant excepted.

From the rulings of the court sustaining the demurrer and remanding the case to Wilson County, the original defendant, J. C. Joyner, administrator of J. J. Anderson, deceased, appealed to the Supreme Court, assigning errors.

*Finch, Rand & Finch and W. A. Lucas for plaintiff, appellee.*

*Kenneth C. Royall and Robert A. Hovis for defendant Joyner, administrator, appellant.*

*George C. Green for defendant town of Weldon, appellee.*

SCHENCK, J. The defendant town of Weldon filed a demurrer *ore tenus* to the complaint of the plaintiff and to the further answer of the

BANKS *v.* JOYNER.

original defendant upon the ground that they did not state facts sufficient to constitute a cause of action against it. If the complaint be considered alone it is manifestly demurrable by the town, since it makes no allegations of actionable negligence against the town; and if the further answer be considered alone, it is likewise demurrable by the town, since it fails to allege or admit any actionable negligence on the part of the intestate of the original defendant and, therefore, failed to allege any joint or concurrent negligence between said intestate and said town; and if the answer of the town be considered along with the further answer of the original defendant in order to supply the wanting allegations of actionable negligence on the part of the intestate of the original defendant, under the doctrine of aider (McIntosh's N. C. Prac. & Proc., par. 447, pp. 458, *et seq.*), as argued by the original defendant, the joint and collective allegations therein contained are still demurrable by the town, since it appears on the face thereof that the negligence alleged against the town, namely, the failure to keep its streets in reasonably safe condition, was passive, and the causal connection between such negligence and the injuries to the plaintiff was broken by the interposition of an independent responsible human action, namely, the alleged active negligence of the intestate of the original defendant in driving his car in a negligent and reckless manner, and such active negligence must be regarded as the sole proximate cause of the damage to the plaintiff. *Ballinger v. Thomas,* 195 N. C., 517; *Baker v. R. R.,* 205 N. C., 329; *Smith v. Monroe, ante,* 41; Wharton's Law of Negligence, Book 1, par. 134, p. 130.

The order removing the case from Wilson County to Halifax County was in accord with our practice so long as the town of Weldon, located in Halifax County, remained a party defendant, C. S., 464, *Cecil v. High Point,* 165 N. C., 431, but when the demurrer was sustained, and the action dismissed as to the town, the ground and reason for the removal ceased, and the case was properly remanded for trial to Wilson County, wherein the plaintiff and the original defendant both reside, and wherein the original defendant is qualified as administrator of a late resident of said county.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.