MRS. JESSIE M. GODFREY, as ADMINISTRATRIX OF FRANK WILSON GOD-
    FREY, DECEASED, v. TIDEWATER POWER COMPANY, C. B. BART-
    LING, RALPH APPLEWHITE AND THE CITY OF NEW BERN, A
    MUNICIPAL CORPORATION.

(Filed 22 November, 1944.)

**1. Statutes § 5a—**

Where there are two provisions in a statute, one of which is special or
particular, and certainly includes the matter in hand, and the other gen-
eral, which, if standing alone, would include the matter and thus conflict
with the particular provisions, the special will be taken as intended to
constitute an exception to the general provision, as the General Assembly
is not to be presumed to have intended a conflict.

**2. Venue §§ 1c, 4a: Municipal Corporations § 49—**

Since a municipality may act only through its officers and agents, an
action against it is an action against "a public officer" within the mean-
ing of G. S., 1-77 (2), and a proper venue against a municipality is the
county where the cause of action, or some part thereof, arose, and if an
action against a municipality be instituted in any other county, the mu-
nicipality has the right, upon motion aptly made, to have the action
removed to the proper county.

**3. Same—**

After the commencement of an action for damages for wrongful death
in the county of which plaintiff and her intestate were residents, a munici-
pality of another county, where the accident which caused the death took
place, was brought in as an alleged joint tort-feasor on motion by the
original defendant, the cause may be removed, as a matter of right, to
the county in which such municipality is situated.

**4. Venue § 1b—**

This Court has construed G. S., 1-78 to apply to all actions against
executors and administrators in their official capacity, whether upon their
bonds or not.

APPEAL by the city of New Bern, a municipal corporation, from
*Bobbitt, J.,* at 22 May, 1944, Regular Civil Term, of MECKLENBURG.

Civil action for recovery of damages for alleged wrongful death, G. S.,
28-173, formerly C. S., 160, to which action the city of New Bern, a
municipal corporation, was made a party defendant upon motion of
defendant, Power Company, under G. S., 1-240, formerly C. S., 618, as
amended by Public Laws 1929, chapter 68, and on its alleged cross
action for contribution by the said city of New Bern as a joint tort-
feasor in case it, the Power Company, be held liable. See opinion former
appeal, 223 N. C., 647, 27 S. E. (2d), 736.

Pursuant thereto the city of New Bern, being served with summons,
made a motion in apt time, G. S., 1-83, before the clerk of Superior

Court, G. S., 1-583, for removal of the action from the Superior Court of Mecklenburg County to the Superior Court of Craven County, North Carolina, for trial, as a matter of right.

When this motion for removal as a matter of right came on for hearing before the judge of the Superior Court to whom the city of New Bern appealed from adverse ruling of the clerk of the Superior Court, G. S., 1-583, the judge found facts substantially these:

That the plaintiff is the duly appointed, qualified and acting administratrix of the estate of Frank Wilson Godfrey, deceased, under appointment by the clerk of the Superior Court of Mecklenburg County, North Carolina, where the estate is being administered under the laws of the State of North Carolina; that at the time of his death, and for many years prior thereto, plaintiff's intestate was a resident and citizen of Mecklenburg County, North Carolina, as was the plaintiff, Mrs. Jessie M. Godfrey, at the time of the institution of this action, and now is; that the intestate of plaintiff was killed on 10 June, 1942, in Craven County, North Carolina; that this action was instituted, and summons was issued in the Superior Court of Mecklenburg County on 28 April, 1943, against defendant Tidewater Power Company, a corporation organized and existing according to law, and C. B. Bartling and Ralph Applewhite, upon whom the summons was duly served 29 April, 1943; that the answer, cross action and motion of defendant, Tidewater Power Company, to make the city of New Bern a party defendant were filed on 28 July, 1943; that before its time for answering expired, and in apt time, the city of New Bern, a municipal corporation, in Craven County, North Carolina, filed motion to remove the action to Craven County as a matter of right; and that the acts of negligence alleged in the complaint and in the cross action are alleged to have occurred in said Craven County.

Upon these facts judgment was entered denying the motion for removal and the city of New Bern appeals therefrom to the Supreme Court and assigns error.

*G. T. Carswell and Helms & Mulliss for plaintiff, appellee.*

*E. McA. Currie, William Dunn, and R. E. Whitehurst for defendant, appellant.*

WINBORNE, J. Is the city of New Bern, a municipal corporation, located in Craven County, where the plaintiff's alleged cause of action arose, entitled as a matter of right to have the action removed from Mecklenburg County, where plaintiff resides, to Craven County for trial, when the plaintiff makes no allegation and seeks no relief against the city, and it is brought into the action as a party defendant on motion

and cross action of an original defendant, Tidewater Power Company, for contribution as a joint tort-feasor in the event it, the Power Company, be held liable to plaintiff? The court below did not think so. We are of opinion, however, that the decisions of this Court construing the statutes on venue, now General Statutes 1 Civil Procedure, subsection IV, Article 7, direct an affirmative answer.

At the outset it is appropriate to note that this chapter on venue is subdivided into numerous sections, including G. S., 1-77, prescribing the place of trial for actions in many situations, and then in Section G. S., 1-82, formerly C. S., 469, Rev., 424, upon which plaintiff relies, it is provided that "In all other cases the action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement." And in the section G. S., 1-77 (2), formerly C. S., 464 (2), Rev., 420 (2), upon which defendant, city of New Bern, relies, it is provided that actions "against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does something touching the duties of such officer" "must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law." Thus it is apparent from the wording of these sections that G. S., 1-77, relates to particular cases, and that G. S., 1-82, is intended to cover all cases for which provision is not otherwise made and it is, therefore, general in intent. Hence, in the event of conflict the former expressing a particular intention will be taken as an exception to the general provision. "It is an established canon of construction that where there are two provisions in a statute, one of which is special or particular, and certainly includes the matter in hand, and the other general, which, if standing alone, would include the same matter and thus conflict with the particular provision, the special will be taken as intended' to constitute an exception to the general provision, as the General Assembly is not to be presumed to have intended a conflict,"—*Stacy, C. J.*, in *In re Steelman*, 219 N. C., 306, 13 S. E. (2d), 544, citing *Nance v. R. R.*, 149 N. C., 366, 63 S. E., 116, among other cases.

Moreover, the decisions of this Court are uniform in holding that since a municipality may act only through its officers and agents, an action against a municipality is an action against "a public officer" within the meaning of the provisions of G. S., 1-77 (2), formerly C. S., 464 (2), Rev., 420 (2), and that a proper venue against a municipality is the county where the cause of action, or some part thereof, arose, and that if an action against a municipality be instituted in any other county the municipality has the right, upon motion aptly made, to have the action removed to the proper county. See *Jones v. Statesville*,

97 N. C., 86, 2 S. E., 346, citing *Johnston v. Comrs.*, 67 N. C., 101; *Alexander v. Comrs.*, 67 N. C., 330; *Jones v. Comrs.*, 69 N. C., 412; *Steele v. Comrs.*, 70 N. C., 137. Also see *Light Co. v. Comrs.*, 151 N. C., 558, 66 S. E., 569; *Cecil v. High Point*, 165 N. C., 431, 81 S. E., 616; *Boyd and Goforth v. Bank*, 199 N. C., 687, 155 S. E., 577; *Banks v. Joyner*, 209 N. C., 261, 183 S. E., 273; *Murphy v. High Point*, 218 N. C., 597, 12 S. E. (2d), 1. The case of *Hannon v. Power Co.*, 173 N. C., 520, 92 S. E., 353, relied upon by the plaintiff, is distinguishable.

Furthermore, in *Banks v. Joyner, supra*—a case almost identical in procedural situation as that in hand, it is said that "The order removing the case from Wilson County to Halifax County was in accord with our practice so long as the town of Weldon, located in Halifax County, remained a party defendant . . ." There, as appears in the original record on appeal, the plaintiff instituted the action in Wilson County, of which she was a resident, on a cause of action for personal injury allegedly sustained through the actionable negligence of the intestate in an automobile accident in the town of Weldon in Halifax County. The plaintiff named as the sole defendant J. C. Joyner, Administrator of the estate of J. J. Amerson, deceased. Amerson was a resident of Wilson County and letters of administration were issued out of the Superior Court of that county. In apt time the named defendant moved to make the town of Weldon a party defendant (1) for exoneration for that the injury of which plaintiff complained was solely and proximately caused by the negligence of the town of Weldon in the manner alleged, and (2) for contribution for that if the defendant be held negligent, the negligence of the town of Weldon was a proximate cause of the injury sustained by the plaintiff, thereby entitling the defendant to invoke against the town the provisions of C. S., 618, as amended by Public Laws 1929, chapter 68, now G. S., 1-240. Whereupon, the town was made a party defendant, and accordingly in answer filed the original defendant set up cross action against the town. The town made a motion, in apt time, to remove the action to the county of Halifax. The motion was allowed and the case removed. When the case came on for trial, the demurrer *ore tenus* of the town was sustained. Then motion of the plaintiff to remand the case to Wilson County for trial was allowed, and defendant administrator appealed. Two questions were involved on the appeal, one as to correctness of the ruling in sustaining the demurrer, and the second as to correctness of the order remanding the case to Wilson County for trial. This Court, after saying that the order removing the case from Wilson County to Halifax County was in accord with our practice so long as the town of Weldon, located in Halifax County, remained a party defendant, continued by saying, "But when the demurrer was sustained, and the action dismissed as to

the town, the ground and reason for the removal ceased, . . ." If what is said there was the law in that case, no sufficient reason appears why it should not be the law here, and so long as the city of New Bern remains a party to this action the case is properly triable in Craven County.

And, too, it is significant to note that the order of removal in *Banks v. Joyner, supra,* was in an action against an administrator when there was then in effect another section of the venue statute, C. S., 465, now G. S., 1-78, which provides that "All actions against executors and administrators in their official capacity, except where otherwise provided by statute, and all actions upon official bonds must be instituted in the county where the bonds were given, if the principal or surety on the bond is in the county . . .," which this Court has construed to apply to all actions against those persons whether upon their bonds or not. See *Stanley v. Mason,* 69 N. C., 1; *Foy v. Morehead,* 69 N. C., 512; *Bidwell v. King,* 71 N. C., 287; *State Alliance v. Murrell,* 119 N. C., 124, 25 S. E., 785. Compare *Whitford v. Life Ins. Co.,* 156 N. C., 42, 72 S. E., 85.

For reasons stated, judgment below is

Reversed.