SMITH LEE v. LEWIS C. POSTON, C. P. DETTER, A. W. DRUM AND J. B. DRUM, INDIVIDUALLY AND AS AGENTS ONE FOR ANOTHER AND AS TRUSTEES OF WHAT IS KNOWN AS BALL'S CREEK CAMP GROUND.

(Filed 2 May, 1951.)

**1. Municipal Corporations § 1—**

A municipal corporation is a subordinate agency created by the State to assist in the civil government of the territory and people embraced within its limits.

**2. Religious Societies § 1—**

A religious corporation is a corporation whose purposes are directly ancillary to divine worship or religious teaching.

**3. Same—**

A corporation for the purpose of maintaining a particular church and camp ground is a religious corporation.

**4. Same: Constitutional Law § 8c: Municipal Corporations § 1—**

A corporation organized to maintain a particular church and camp ground may not be delegated authority by the General Assembly to enact ordinances for the good government and protection of the camp ground "while occupied for worship" or to appoint special police to keep the peace and execute process "while occupied for divine worship" since such corporation is a religious corporation, and the attempted delegation of governmental powers to it is ineffectual.

**5. Venue § 1c—**

Defendant corporation *held* not a municipality and therefore was not entitled to have an action instituted against it in the county of plaintiff's residence (G.S. 1-82) removed to the county in which the cause of action arose. G.S. 1-77.

APPEAL by defendants from *Bennett, Special Judge,* at March Term, 1951, of MECKLENBURG.

Demand for a change of venue on ground that action is not brought in the proper county as prescribed by statute.

The plaintiff, a resident of Mecklenburg County, North Carolina, sued the defendants, residents of Catawba County, North Carolina, in the Superior Court of Mecklenburg County for the recovery of damages allegedly resulting to plaintiff from a previous unsuccessful criminal proceeding in courts of Catawba County, which was prosecuted against plaintiff by defendants without probable cause and with malice while the defendants were acting individually and as trustees of the Ball's Creek Methodist Church and Camp Ground.

Before the time for answering expired, the defendants made demand for a change of venue to Catawba County as a matter of right on the

ground that the cause of action arose in Catawba County and is based on official acts done by defendants as officers and agents of a municipality of Catawba County, to wit, the Trustees of Ball's Creek Methodist Church and Camp Ground.

The Clerk of the Superior Court denied the demand for the change of venue, and the defendants appealed to the judge, who made a like ruling. The defendants thereupon appealed to the Supreme Court, assigning the decision of the judge as error.

*Henry L. Strickland and Kenneth D. Thomas for plaintiff, appellee.*
*Russell W. Whitener and Eddy S. Merritt for defendants, appellants.*

ERVIN, J. The appeal presents a question of venue. The plaintiff asserts that the general statutory provision set forth in G.S. 1-82 allows him to bring the action in Mecklenburg County, where he resides, whereas the defendants contend that the special statutory provision embodied in G.S. 1-77 localizes the action in Catawba County, where it arose.

Under G.S. 1-77, an action "against a public officer . . . for an act done by him by virtue of his office . . . must be tried in the county where the cause, or some part thereof arose, subject to the power of the court to change the place of trial in the cases provided by law." This statute governs the venue of actions against municipal corporations because such actions are essentially actions against public officers for official acts. *Godfrey v. Power Co.,* 224 N.C. 657, 32 S.E. 2d 27; *Murphy v. High Point,* 218 N.C. 597, 12 S.E. 2d 1.

The defendants predicate their demand for a change of venue from Mecklenburg County to Catawba County on these arguments: The plaintiff's cause of action arose in Catawba County. He prosecutes it against the defendants in their capacities as trustees of the Ball's Creek Methodist Church and Camp Ground. As such trustees, the defendants constitute a municipal corporation. Consequently, the action is against a municipal corporation, and G.S. 1-77 fixes its venue in Catawba County, where it arose.

The plaintiff's cause of action undoubtedly arose in Catawba County. Nevertheless, G.S. 1-77 does not make Catawba County the proper place for its trial. This is so for the very simple reason that the trustees of Ball's Creek Methodist Church and Camp Ground constitute a religious corporation and not a municipal corporation. This conclusion becomes indisputable when recourse is had to the characteristics of such corporations, and the incorporating act, *i.e.,* Chapter 47 of the Private Laws of 1879. It is observed, in passing, that this act was adopted more than a third of a century before Article VIII, Section 1, of the North Carolina

Constitution was rephrased so as to deprive the General Assembly of unrestricted power to create corporations by special acts.

A municipal corporation may be defined with terseness as a subordinate agency created by the State to assist in the civil government of the territory and people embraced within its limits. *Brooks v. City of Wichita,* 52 C.C.A. 209, 114 F. 297. See, also, in this connection: *Southern Assembly v. Palmer,* 166 N.C. 75, 82 S.E. 18. A religious corporation is a corporation whose purposes are directly ancillary to divine worship or religious teaching. 54 C.J., Religious Societies, section 3.

Chapter 47 of the Private Laws of 1879 creates a self-perpetuating body of trustees for "Ball's Creek Methodist Church and Camp Ground in the County of Catawba," and declares such trustees to be "a body politic and corporate in deed and in law." When the act is read aright, it shows that the trustees are incorporated for the single purpose of maintaining a particular church and camp ground, namely, the Ball's Creek Methodist Church and Camp Ground in Catawba County, as a place for holding camp meetings under the auspices of a particular denomination, to wit, the Methodist Church. This sole corporate object is religious in nature, for a camp meeting is a temporary encampment of worshipers held for the purpose of conducting a series of religious services. *Portage Township v. Full Salvation Union,* 318 Mich. 693, 29 N.W. 2d 297; *Thomas v. Smith,* 75 Hun. 573, 27 N.Y.S. 589; *State v. Read,* 12 R.I. 135; *State v. Hall,* 18 S.C.L. 151; *Johnson v. Jones,* 86 Vt. 167, 83 A. 1085.

To be sure, sections 8, 9 and 10 of the incorporating act undertake to confer upon the trustees power to "enact all ordinances for the good government and protection of the church and camp ground and the people there assembled *while occupied for worship,*" and to appoint special police to keep the peace and to execute process "in the limits of this incorporation *while occupied for divine worship.*" These statutory provisions do not evince a legislative intent to set up the trustees of Ball's Creek Methodist Church and Camp Ground as a subordinate agency of the State to assist in the civil government of the area embraced within the camp ground. They are merely auxiliary to the corporate purpose of maintaining a place for holding religious camp meetings. As a consequence, they constitute an ineffectual attempt on the part of the Legislature to delegate governmental powers to a nongovernmental body, to wit, a religious corporation. *S. v. Curtis,* 230 N.C. 169, 52 S.E. 2d 364.

The question of the liability of religious corporations in tort does not arise, and is not considered on this appeal.

Since the Ball's Creek Methodist Church and Camp Ground is the Lord's rather than Caesar's, the order denying the change of venue is

Affirmed.