JARRELL v. TOWN OF TOPSAIL BEACH

[105 N.C. App. 331 (1992)]

———————

JOHN A. JARRELL, JR., PLAINTIFF v. TOWN OF TOPSAIL BEACH

No. 9114SC292

(Filed 4 February 1992)

**Venue § 4 (NCI3d) — action against municipality — venue — Handicapped Persons Act**

The trial court correctly denied defendant's motion for a change of venue as a matter of right where plaintiff brought an action under the Handicapped Persons Protection Act and defendant moved for a change of venue under N.C.G.S. § 1-77. While the proper venue for an action against a municipality ordinarily would be the county where the cause of action arose, the language of N.C.G.S. § 168A-11(a) allows plaintiff as a handicapped individual the option of bringing suit in either the county where the alleged discriminatory practice occurred or the county where he resides.

**Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 855, 856, 858.**

APPEAL by defendant from order entered 16 January 1991 by *Judge Anthony M. Brannon* in DURHAM County Superior Court. Heard in the Court of Appeals 8 January 1992.

*Glenn, Mills & Fisher, P.A., by Stewart W. Fisher, for plaintiff appellee.*

*Burrows & Hall, by Richard L. Burrows, for defendant appellant.*

WALKER, Judge.

The Town of Topsail Beach (defendant), located in Pender County, has an ordinance in effect which prohibits vehicles from being driven on the Town's beaches during certain periods of the year. This ordinance adversely affects John A. Jarrell, Jr. (plaintiff) since he is a paraplegic who cannot readily gain access to the beach without the use of his Honda all terrain vehicle (ATV). Pursuant to the Handicapped Persons Protection Act, G.S. 168A-1, *et seq.*, plaintiff requested that defendant accommodate his handicap by allowing him to drive his ATV on the beach. Defendant refused this request and plaintiff ultimately instituted the present action in Durham County alleging the ordinance violated the Handicapped Persons Protection Act. The trial court issued a restraining order directing defendant to stop enforcing the ordinance as it related to plaintiff.

On 20 August 1990, defendant filed a motion for change of venue as a matter of right pursuant to G.S. 1-77(2) and requested the case be moved to Pender County. It appeals the denial of this motion.

Since this action arises out of defendant's enforcement of a municipal ordinance, defendant asserts its motion for change of venue under G.S. 1-77 should have been granted. In pertinent part this statute provides:

> Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law:
>
> . . . .
>
> (2) Against a public officer or person especially appointed to execute his duties, for an act done by him by virtue of his office; or against a person who by his command or in his aid does anything touching the duties of such officer.

Past decisions of our Supreme Court recognize that since a municipality may only act through its officers and agents, an action against a municipality is an action against "a public officer" within the meaning of G.S. 1-77. *Coats v. Sampson County Memorial Hospital, Inc.*, 264 N.C. 332, 141 S.E.2d 490 (1965); *Godfrey v. Tidewater*

*Power Co.,* 224 N.C. 657, 32 S.E.2d 27 (1944); *Jones v. The Town of Statesville,* 97 N.C. 86, 2 S.E. 346 (1887). Ordinarily then, the proper venue for an action against a municipality would be the county where the cause of action arose and if an action is instituted in some other county, the municipality has the right to have the action removed to the proper county. *Godfrey v. Tidewater Power Co., supra.*

In the present case plaintiff brought his action under the Handicapped Persons Protection Act. In relevant part this statute provides:

A handicapped person aggrieved by a discriminatory practice prohibited by G.S. 168A-5 through 168A-8, or a person aggrieved by conduct prohibited by G.S. 168A-10, may bring a civil action to enforce rights granted or protected by this Chapter against any person described in G.S. 168A-5 through 168A-8 or in G.S. 168A-10 who is alleged to have committed such practices or engaged in such conduct. The action shall be commenced in superior court in the county where the alleged discriminatory practice or prohibited conduct occurred *or where the plaintiff or defendant resides.* Such action shall be tried to the court without a jury.

G.S. 168A-11(a) (emphasis supplied). The language of this section allows plaintiff, as a handicapped individual, the option of bringing suit in either Pender County (where the alleged discriminatory practice occurred) or in Durham County (where plaintiff resides). Since plaintiff has the right to bring this action in Durham County, the trial court correctly denied defendant's motion for change of venue as a matter of right pursuant to G.S. 1-77(2) and 1-83(1), and the order of the Superior Court is

Affirmed.

Judges ARNOLD and PARKER concur.