ALFRED LEE THOMPSON, Plaintiff v. NORFOLK SOUTHERN RAILWAY COMPANY
and CITY of SALISBURY, Defendants

No. COA99-1141

(Filed 19 September 2000)

**1. Appeal and Error— appealability—denial of motion to compel arbitration**

The question of whether the trial court erred by denying a motion to compel arbitration was considered on appeal even though the trial court had not reached a final judgment because it involved a substantial right which might be lost if appeal is delayed.

**2. Arbitration and Mediation— insurance policy provision— not an agreement to arbitrate**

The trial court did not err by denying plaintiff's motion to compel arbitration in an action arising from a collision between an automobile and a train at a crossing in Salisbury where plaintiff contended that he was a third-party beneficiary to an arbitration agreement in Salisbury's insurance policy, but the policy section upon which plaintiff relies states only that the definition of "suit" under the policy includes arbitration and does not establish an agreement to arbitrate claims.

**3. Appeal and Error— appealability—denial of motion to dismiss statute of limitations counterclaim**

A trial court order denying plaintiff's motion to dismiss a counterclaim as being beyond the statute of limitations was not appealable where plaintiff did not assert that the order affected his substantial rights. The court will not construct arguments as to why the order is appealable; moreover, the North Carolina Supreme Court has previously found that an order denying a motion to dismiss based upon a statute of limitations does not affect a substantial right.

**4. Appeal and Error— appealability—denial of change of venue**

An order denying a motion to move a case from Mecklenburg County to Rowan County was interlocutory but appealable because it affected a substantial right.

THOMPSON v. NORFOLK S. RY. CO.

[140 N.C. App. 115 (2000)]

### 5. Venue— action against municipality

The trial court erred by denying defendant Salisbury's motion to remove a railroad crossing case from Mecklenburg County to Rowan County because an action against a municipality is an action against a public officer for purposes of determining proper venue and must be tried in the county where the cause arose. The court lacks discretion after a defendant makes a timely motion requesting a change of venue and, upon appropriate findings, must transfer the case to the place of proper venue. However, plaintiff is not precluded from later filing a motion to return venue to Mecklenburg County for the convenience of witnesses and to promote the ends of justice.

### 6. Venue— railroad crossing accident—municipality as codefendant

The county of proper venue for an action arising from a collision between a train and an automobile at a crossing in Salisbury was Rowan County. Although plaintiff contended that the case was properly filed in Mecklenburg County pursuant to N.C.G.S. § 1-81, that statute is only applicable when the railroad is the sole defendant and plaintiff here sued both the railroad and a municipality.

Judge JOHN concurred prior to 31 August 2000.

Appeal by plaintiff from orders entered 20 July 1999 and 3 August 1999, and cross-appeal by defendant city of Salisbury from order entered 3 August 1999 by Judge James L. Baker in Superior Court, Mecklenburg County. Heard in the Court of Appeals 8 June 2000.

*Kennedy, Kennedy, Kennedy and Kennedy, LLP, by Harold L. Kennedy, III, Harvey L. Kennedy, and Willie M. Kennedy, for plaintiff-appellant/cross-appellee.*

*Jones, Hewson & Woolard, by Kenneth H. Boyer, for Norfolk Southern Railway Company, defendant-appellee.*

*Brinkley Walser, A Professional Limited Liability Company, by G. Thompson Miller, for City of Salisbury, defendant-appellee/cross-appellant.*

TIMMONS-GOODSON, Judge.

Plaintiff, Alfred Lee Thompson, appeals from orders of the trial court denying his motions to compel arbitration and to dismiss the

**THOMPSON v. NORFOLK S. RY. CO.**

[140 N.C. App. 115 (2000)]

counterclaim raised by defendant Norfolk Southern Railway Company ("Norfolk Southern") against plaintiff for property damage. Defendant City of Salisbury ("Salisbury") cross-appeals from an order denying its motion for removal asserting that venue was improper. Based upon our examination of the record, we affirm the court's order denying plaintiff's motion to compel arbitration and reverse the court's order denying Salisbury's motion for removal. We further dismiss plaintiff's appeal of the court's order denying its motion to dismiss.

The pertinent factual and procedural background is as follows: On 17 February 1999, plaintiff, a resident of Mecklenburg County, filed an action for damages against Norfolk Southern and Salisbury in Superior Court, Mecklenburg County. Plaintiff alleged that on 19 February 1996, a Norfolk Southern train collided with his vehicle as he attempted to cross a negligently maintained railway crossing in Salisbury. Salisbury is located in Rowan County, North Carolina. Plaintiff stated that as a result of the collision, he suffered bodily injury, loss of earnings and earning capacity, and pain and suffering.

Norfolk Southern moved for an extension of time to file an answer, which was granted by the trial court on 15 April 1999. Norfolk Southern subsequently answered on 17 May 1999 and included a counterclaim alleging that it had suffered property damage due to plaintiff's negligence.

In response, plaintiff filed a motion to dismiss Norfolk Southern's counterclaim, asserting that the claim was filed beyond the three-year statute of limitations. The trial court summarily denied plaintiff's motion on 20 July 1999.

On 1 April 1999, Salisbury filed a separate answer and motion for removal, pursuant to Rule 12(b)(3) of the North Carolina Rules of Civil Procedure, arguing that venue was improper in Mecklenburg County. Salisbury further requested that the court remove the case from Mecklenburg County to the county in which it alleged venue was proper, Rowan County.

Plaintiff responded and asserted that venue was proper in Mecklenburg County under sections 1-83(2) and 1-81 of the General Statutes. *See* N.C. Gen. Stat. §§ 1-81 & 1-83(2) (1999). Primarily, plaintiff argued that removing the case to Rowan County would pose an undue burden on him and his caregiver. Plaintiff explained that he

was a paraplegic as a result of the collision and both he and his care-giver would be inconvenienced if the court transferred the case to Rowan County. Plaintiff also noted that his many doctors were in Charlotte, Mecklenburg County, and that it would be cost prohibitive to require them to travel to Rowan County to testify.

Following a hearing, the court denied Salisbury's motion to remove. In pertinent part, the court's order provided the following:

> And it appearing to the Court, and the Court so finding, that the convenience of witnesses and the ends of justice would be promoted pursuant to N.C.G.S. 1-83(2) and that the proviso to N.C.G.S. 1-77(2) gives the Court the power to change the place of trial from the county where the cause of action arose, the Court is of the opinion that defendant City of Salisbury's motion to remove should, in the Court's discretion, be denied[.]

> Salisbury provided plaintiff with a "Commercial General Liability Coverage" insurance policy, issued by the Interlocal Risk Financing Fund of North Carolina ("IRFFNC"). Salisbury's IRFFNC policy provided insurance coverage for those situations in which the city had waived its governmental immunity.

Under the IRFFNC policy, the IRFFNC agreed to "pay those sums that [Salisbury] becomes legally obligated to pay as compensatory damages because of 'bodily injury' . . . to which [the] coverage appli[ed]." The policy further provided that the IRFFNC had "the right and duty to defend any 'suit' seeking those damages."

The "**DEFINITIONS**" section of the IRFFNC policy stated the following:

> "**Suit**" means a civil proceeding in which damages because of "bodily injury," "property damage," "personal injury" or "advertising injury" to which this coverage applies are alleged. "Suit" includes:

>> a  An arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent; or

>> b.  Any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

THOMPSON v. NORFOLK S. RY. CO.

[140 N.C. App. 115 (2000)]

Plaintiff filed a motion to compel arbitration based upon Salisbury's IRFFNC policy. Plaintiff claimed that the above IRFFNC definitions section required Salisbury to arbitrate any suit for bodily injury and that as a third party beneficiary to the insurance policy, he had a right to have his claim against Salisbury submitted to arbitration.

The trial court found that the IRFFNC policy did not contain an agreement to arbitrate as required by the Uniform Arbitration Act. Therefore, the court concluded, Salisbury could not be compelled to arbitrate plaintiff's claim against the city.

Plaintiff appeals from the orders denying his motions to compel arbitration and to dismiss Norfolk Southern's counterclaim. Further, Salisbury cross-appeals from the order denying its motion for removal.

---

## Plaintiff's Appeal

[1] By his first assignment of error, plaintiff contends that the court erred in denying his motion to compel arbitration. Plaintiff argues that he was a third party beneficiary to Salisbury's agreement with the IRFFNC to arbitrate all claims filed against Salisbury for bodily injury and that as a beneficiary to that agreement, he is entitled to have his claim against the city resolved through arbitration. We disagree.

Initially, we must examine whether an appeal lies from the court's order denying plaintiff's motion to compel arbitration. Because the trial court has yet to reach a final judgment below, plaintiff's appeal from the court's order denying his motion is interlocutory. *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950) (citation omitted). Generally, interlocutory orders are not appealable. However, an "order denying arbitration, although interlocutory, is immediately appealable because it involves a substantial right which might be lost if appeal is delayed." *Burke v. Wilkins*, 131 N.C. App. 687, 688, 507 S.E.2d 913, 914 (1998) (citation omitted); N.C. Gen. Stat. §§ 1-277, 7A-27(d)(1) (1999). Because the appeal involves an order denying the substantial right of arbitration, we will examine the merits of plaintiff's contentions.

[2] The Uniform Arbitration Act, as adopted by this state, provides in pertinent part:

Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agree-

ment, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof.

N.C. Gen. Stat. § 1-567.2 (1999).

On application of a party showing an agreement described in [N.C.]G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

N.C. Gen. Stat. § 1-567.3 (1999).

While public policy favors arbitration, parties may not be compelled to arbitrate their claims unless there exists a valid agreement to arbitrate as specified by section 1-567.2 of the General Statutes. *Routh v. Snap-On Tools Corp.*, 108 N.C. App. 268, 423 S.E.2d 791 (1992). The party seeking to compel arbitration must prove the existence of a mutual agreement to arbitrate. *Id.* at 271-72, 423 S.E.2d at 794.

The IRFFNC policy section upon which plaintiff relies did not establish an agreement to arbitrate claims, but states only that the definition of "suit" under the policy included "[a]n arbitration proceeding in which such damages are claimed and to which [Salisbury] must submit or do[es] submit with [the IRFFNC's] consent." Clearly, Salisbury and the IRFFNC did not agree to submit to arbitration "any controversy existing between them at the time of the agreement," nor did they agree to arbitrate "any controversy thereafter arising between them relating to [their] contract or the failure or refusal to perform the whole or any part thereof." N.C.G.S. § 1-567.2.

We conclude that the trial court was correct in finding that Salisbury's policy with the IRFFNC did not include an agreement to arbitrate. Because no arbitration agreement existed between the IRFFNC and Salisbury, plaintiff's argument that he was a third-party beneficiary to the IRFFNC policy must fail. Accordingly, plaintiff's first assignment of error is overruled.

[3] By his next assignment of error, plaintiff asserts that the trial court erred in denying his motion to dismiss Norfolk Southern's coun-

**THOMPSON v. NORFOLK S. RY. CO.**

[140 N.C. App. 115 (2000)]

terclaim because it was filed beyond the three-year statute of limitations. Because the record reflects that the order denying plaintiff's motion to dismiss is interlocutory and not appealable, we are precluded from reviewing the order and plaintiff's appeal of the order denying his motion to dismiss must therefore be dismissed.

Generally, an order denying a motion to dismiss is not appealable. *Country Club of Johnston County, Inc. v. U.S. Fidelity and Guar. Co.*, 135 N.C. App. 159, 519 S.E.2d 540 (1999), *disc. review denied*, 351 N.C. 352, 542 S.E.2d 207 (2000). Nonetheless, an appeal lies from the order if it effects plaintiff's substantial rights. N.C.G.S. §§ 1-277, 7A-27(d)(1). " '[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal,' . . . and 'not the duty of this Court to construct arguments for or find support for appellant's right to appeal[.]' " *Country Club of Johnston County*, 135 N.C. App. at 162, 519 S.E.2d at 543 (quoting *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379-80, 444 S.E.2d 252, 253-54 (1994)).

In the instant case, plaintiff does not assert that the order appealed effected his substantial rights. As such, the court will not construct arguments as to why the order denying the motion to dismiss is appealable. Furthermore, our Supreme Court has previously found that an order denying a party's motion to dismiss based on a statute of limitation does not effect a substantial right and is therefore not appealable. *Johnson v. Insurance Co.*, 215 N.C. 120, 1 S.E.2d 381 (1939). Accordingly, the interlocutory order is not appealable, and we are therefore precluded from reviewing its merits.

## Defendant Salisbury's Appeal

[4] By its appeal, Salisbury contends that the court erred in denying its Rule 12(b)(3) motion and request to remove the case from Mecklenburg County to Rowan County. We agree.

Although the court's order denying Salisbury's motion to remove is interlocutory, it is appealable. "Where a defendant makes a Motion to Dismiss for Lack of Venue and indicates that venue is proper elsewhere, and venue is indeed proper elsewhere, the trial court should treat the Motion to Dismiss as a Motion for a Change of Venue." *McClure Estimating Co. v. H.G. Reynolds Co.*, 136 N.C. App. 176, 183, 523 S.E.2d 144, 149 (1999) (citation omitted). This Court has previously announced that an order denying a motion for change of venue affects a substantial right because it "would work an injury to

the aggrieved party which could not be corrected if no appeal was allowed before the final judgment." *DesMarais v. Dimmette*, 70 N.C. App. 134, 136, 318 S.E.2d 887, 889 (1984); *see McClure Estimating Co.*, 136 N.C. App. at 178-79, 523 S.E.2d at 146 (applying *DesMarais* to motion to dismiss for improper venue indicating venue is proper elsewhere). Accordingly, the order is properly before this court.

[5] Under North Carolina's venue statutes, actions against public officers "must be tried in the county where the cause, or some part thereof, arose, subject to the power of the court to change the place of trial, in the cases provided by law[.]" N.C. Gen. Stat. § 1-77(2) (1999). For the purposes of determining proper venue, an action against a municipality "is an action against 'a public officer' within the meaning of [N.C.]G.S. 1-77." *Jarrell v. Town of Topsail Beach*, 105 N.C. App. 331, 332, 412 S.E.2d 680, 680 (1992) (citations omitted).

"If the county designated for [the purpose of venue] is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county[.]" N.C.G.S. § 1-83. Under section 1-83(1), the court is given the authority to change the place of trial if "the county designated for that purpose is not the proper one." N.C.G.S. § 1-83(1). However, that authority is not discretionary. Once defendant has made a timely motion requesting a change of venue, upon making the appropriate findings, the court lacks discretion to resolve the issue and must transfer the case to the place of proper venue. *Cheek v. Higgins*, 76 N.C. App. 151, 331 S.E.2d 712 (1985).

In the case at bar, plaintiff sued both the city of Salisbury and Norfolk Southern in Mecklenburg County. Because Salisbury is a municipality, the action should have been filed in Rowan County. Once Salisbury timely moved to have the action removed to Rowan County, pursuant to section 1-83, the court was required to change the county of proper venue to Mecklenburg County. *See Jarrell*, 105 N.C. App. at 333, 412 S.E.2d at 681 ("if an action is instituted in some other county, the municipality has the right to have the action removed to the proper county").

We recognize that Salisbury's right to remove the case to Rowan County (the county of proper venue) does not preclude plaintiff from later filing a motion to return venue to Mecklenburg County for the convenience of witnesses and to promote the ends of justice. *See King v. Buck*, 21 N.C. App. 221, 203 S.E.2d 643 (1974); N.C.G.S. § 1-83

("The court may change the place of trial . . . [w]hen the convenience of witnesses and the ends of justice would be promoted by the change"). However, the trial court below did not have the authority to grant such a motion at this juncture.

[6] Plaintiff argues that this case was properly filed in Mecklenburg County pursuant to section 1-81 of the North Carolina General Statutes. We disagree.

Section 1-81 provides the following:

[A]ll actions against railroads . . . must be tried either in the county where the cause of action arose or where the plaintiff resided at that time or in some county adjoining that in which the cause of action arose, subject to the power of the court to change the place of trial as provided by statute.

N.C.G.S. § 1-81. Section 1-81 is only applicable when the railroad is the sole defendant. *Smith v. Patterson*, 159 N.C. 138, 74 S.E. 923 (1912) (examining a preceding venue proviso which has since been enacted as section 1-81). Because plaintiff sued both a railroad and a municipality, we find no merit in plaintiff's argument. Therefore, we conclude that the only county of proper venue for this action was Rowan County and that the trial court should have transferred the case accordingly.

For the foregoing reasons, we affirm the court's order denying plaintiff's motion to compel arbitration. We further reverse the order of the court denying Salisbury's motion to remove. Finally, we dismiss plaintiff's appeal of the court's order denying plaintiff's motion to dismiss.

Affirmed in part, reversed in part, and dismissed in part.

Judges JOHN and WALKER concur.

Judge JOHN concurred prior to 31 August 2000.