JAMES L. PIERSON, KATHY L. PIERSON, LINCOLN M. HAIRE, AND DONNA B. HAIRE,
PLAINTIFFS v. CUMBERLAND COUNTY CIVIC CENTER COMMISSION, DEFENDANT

No COA99-1333

(Filed 29 December 2000)

### 1. Appeal and Error— appealability—denial of summary judgment—sovereign immunity

An appeal of the denial of a motion for summary judgment was heard on appeal where the motion was predicated upon the doctrine of sovereign immunity.

### 2. Immunity— sovereign—operation of coliseum—commercial activity

The trial court correctly concluded that the operation of the Cumberland County Coliseum was a proprietary function and that defendant-commission was not protected from a nuisance action by sovereign immunity where the evidence demonstrated that defendant's operation of the Coliseum is a commercial enterprise. A benefit inuring to the public as a result of the municipal undertaking is not dispositive as to whether the activity is governmental or propriety.

### 3. Evidence— summary judgment hearing—excerpts from magazine—self-authenticating—timely

The trial court did not abuse its discretion by considering excerpts from a magazine when ruling on a summary judgment motion based upon the Cumberland County Civic Center Commission claim of sovereign immunity. Defendant argues that the materials were not properly authenticated and that they were presented in contravention of the requirements of Rule 56, but the excerpts were admissible against defendant as its own admissions and, since the magazine was self-titled "The Official Cumberland County Coliseum Complex News Magazine," it was self-authenticating. While Rule 56(c) concerns the timeliness of affidavits in a summary judgment motion, affidavits are but one form of evidence properly considered by the court in ruling on a motion for summary judgment and Rule 56(c) does not specify that other forms of evidence be presented at any particular time.

Appeal by defendant from order entered 7 July 1997 by Judge William C. Gore, Jr. in Superior Court, Cumberland County. Heard in the Court of Appeals 9 October 2000.

**PIERSON v. CUMBERLAND COUNTY CIVIC CTR. COMM'N**

[141 N.C. App. 628 (2000)]

*The Lane Law Firm, P.A., by Freddie Lane, Jr., for plaintiffs-appellees.*

*Cumberland County Attorney's Office, by Douglas E. Canders, Fayetteville, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

This appeal arises out of an action for private nuisance *per accidens* brought by James L. Pierson, Kathy L. Pierson, Lincoln M. Haire, and Donna B. Haire (hereinafter collectively referred to as "plaintiff") against the Cumberland County Civic Center Commission (hereinafter referred to as "defendant") concerning its operation of the Cumberland County Crown Coliseum, also known as the Cumberland County Coliseum Complex, (hereinafter referred to as "the Coliseum"). Defendant moved for summary judgment based on the doctrine of sovereign immunity. The trial court concluded that in managing the Coliseum, defendant was acting in a proprietary capacity and, therefore, was not cloaked with the protection of sovereign immunity. For the reasons stated herein, we affirm the court's ruling.

The facts relevant to this appeal show that James and Kathy Pierson own parcels of land in Cumberland County described as Lots 1 and 2 of the G.A. Draughone Subdivision. The Piersons reside in a home situated on one lot, which is positioned at the intersection of Old Wilkes Road and Draughone Avenue. Their tenants, Lincoln and Donna Haire, lease and reside at a home situated on the other lot, which is located on Draughone Avenue. Cumberland County owns the vast majority of the G.A. Draughone Subdivision and leases the property to defendant as a situs for the Coliseum.

Since the Coliseum opened in October 1997, employees and agents of defendant have directed vehicular traffic to and from events held at the venue via Draughone Avenue. Because these events typically draw thousands of patrons and conclude late at night, inordinate numbers of motor vehicles are made to travel within close proximity to plaintiffs' homes after 10:00 p.m. Moreover, during such events, many of the patrons consume alcoholic beverages sold on the premises by defendant or under defendant's direction. This often results in patrons engaging in a variety of disruptive behaviors, such as sounding their car horns, urinating in public, and shouting obscenities to each other, the general public, and members of plaintiffs' families.

PIERSON v. CUMBERLAND COUNTY CIVIC CTR. COMM'N

[141 N.C. App. 628 (2000)]

Plaintiffs instituted an action on 22 July 1998 alleging that defendant, through its operation of the Coliseum, has created and maintained a private nuisance *per accidens* that has substantially and permanently impaired the value of plaintiffs' property. Defendant filed an answer, a motion to dismiss, and a motion for summary judgment, all of which asserted the doctrine of sovereign immunity as a bar to plaintiffs' claim. The trial court conducted a hearing on the motion to dismiss and the motion for summary judgment. After reviewing the evidence, memoranda, and arguments of counsel, the court concluded that defendant was not entitled to governmental immunity because (1) operating the Coliseum was a proprietary, rather than a governmental, enterprise, and (2) the General Assembly forfeited the protection as to defendant in Chapter 27 of the 1991 Session Laws. From the denial of summary judgment, defendant appeals.

[1] At the outset, we note that an order denying a motion for summary judgment is interlocutory and, as such, does not ordinarily undergo immediate appeal. *Schmidt v. Breeden*, 134 N.C. App. 248, 251, 517 S.E.2d 171, 174 (1999). However, where the motion for summary judgment is predicated upon the doctrine of sovereign immunity, denial of the motion affects a substantial right, which entitles the moving party to prompt appellate review. *Id.* As defendant's appeal is rightly before us, we proceed to the assignments of error.

[2] By its first assignment of error, defendant argues that the trial court erroneously denied its motion for summary judgment. Defendant contends that operating a Coliseum is a governmental function and, thus, it is not precluded from asserting the defense of governmental immunity in the present action. We cannot agree.

Summary judgment is appropriately granted where the pleadings, depositions, and other documentary evidence show that no genuine issue of material fact exists and that any party is entitled to judgment as a matter of law. *Lynn v. Burnett*, 138 N.C. App. 435, 437-38, 531 S.E.2d 275, 278 (2000). The burden to demonstrate the absence of a triable issue lies with the moving party, which it can accomplish by one of two means:

(1) by showing that an essential element of the opposing part[ies'] claim is nonexistent; or (2) [by] demonstrating that the opposing part[ies] cannot produce evidence sufficient to support an essential element of the claim or overcome an affirmative defense which would work to bar [their] claim.

*Wilhelm v. City of Fayetteville*, 121 N.C. App. 87, 89, 464 S.E.2d 299, 300 (1995) (citation omitted). In deciding whether summary judgment is proper, the trial court must consider the evidence in the light most beneficial to the non-moving party, drawing all inferences from the evidence against the moving party and in favor of the nonmovant. *Schmidt*, 134 N.C. App. at 251-52, 517 S.E.2d at 174.

As a general rule, the doctrine of sovereign immunity shields a municipality from liability for torts committed by its agencies and organizations. *Herring v. Winston-Salem/Forsyth County Bd. of Educ.*, 137 N.C. App. 680, 683, 529 S.E.2d 458, 461, *disc. review denied*, 352 N.C. 673, 545 S.E.2d 423 (2000). Application of the doctrine depends upon whether the activity out of which the tort arises is properly characterized as "governmental" or "proprietary" in nature. *Schmidt*, 134 N.C. App. at 252, 517 S.E.2d at 174. Specifically, "[t]he doctrine applies when the entity is being sued for the performance of a governmental function[,] [b]ut it does not apply when the entity is performing a ministerial or proprietary function." *Herring*, 137 N.C. App. at 683, 529 S.E.2d at 461 (citations omitted).

Our Supreme Court has articulated the following test for determining whether an activity falls within the governmental or proprietary classification:

When a municipality is acting "in behalf of the State" in promoting or protecting the health, safety, security or general welfare of its citizens, it is an agency of the sovereign. When it engages in a public enterprise essentially for the benefit of the compact community, it is acting within its proprietary powers. In either event it must be for a public purpose or public use.

So then, generally speaking, the distinction is this: If the undertaking of the municipality is one in which only a governmental agency could engage, it is governmental in nature. It is proprietary and "private" when any corporation, individual, or group of individuals could do the same thing. Since, in either event, the undertaking must be for a public purpose, any proprietary enterprise must, of necessity, at least incidentally promote or protect the general health, safety, security, or general welfare of the residents of the municipality.

*Britt v. Wilmington*, 236 N.C. 446, 450-51, 73 S.E.2d 289, 293 (1952).

With respect to a proprietary endeavor, we have said that " '[i]n order to deprive a municipal corporation of the benefit of governmental immunity, the *act or function* must involve special corporate benefit or pecuniary profit inuring to the municipality.' " *Hickman v. Fuqua*, 108 N.C. App. 80, 83-84, 422 S.E.2d 449, 451 (1992) (quoting *Rich v. City of Goldsboro*, 282 N.C. 383, 386, 192 S.E.2d 824, 826 (1972) (emphasis added)). "Charging a substantial fee to the extent that a profit is made is strong evidence that the activity is proprietary." *Hare v. Butler*, 99 N.C. App. 693, 699, 394 S.E.2d 231, 235 (1990). Nevertheless, "a 'profit motive' is not the sole determinative factor when deciding whether an activity is governmental or proprietary. Using the *Britt* test, courts look to see whether an undertaking is one 'traditionally' provided by the local governmental units." *Hickman*, 108 N.C. App. at 84, 422 S.E.2d at 451-52 (citation omitted).

Viewed in the light most favorable to plaintiffs, the evidence demonstrates that defendant's operation of the Coliseum is a commercial enterprise. The facts show that since its inception, the Coliseum has hosted a variety of entertainment activities, i.e., professional hockey and basketball games, WWF wrestling matches, concerts, theater/stage productions, rodeos, Monster Truck rallies, and miscellaneous family programs. The evidence further shows that defendant charges each promoter a fee for leasing the facility and receives a percentage of the total ticket sales. This evidence notwithstanding, defendant, relying on this Court's decision in *McIver v. Smith*, 134 N.C. App. 583, 518 S.E.2d 522 (1999), *disc. review dismissed as improvidently allowed*, 351 N.C. 344, 525 S.E.2d 173 (2000), takes the position that managing the Coliseum is a governmental function, because it provides "cultural, educational, and informational programming" that benefits the public.

In *McIver*, a motorist and his passenger filed suit against Forsyth County and the driver of an EMS unit for personal injuries resulting from a collision between the ambulance and their vehicle. The trial court entered summary judgment for the defendants on the grounds of governmental immunity. On appeal to this Court, the plaintiffs argued that operating an ambulance service was a proprietary function, because (1) the service "was historically provided by private companies," (2) "Forsyth County charged for the service[,]" and (3) the service was one "that a private individual, corporation or company could provide." *McIver*, 134 N.C. App. at 586, 518 S.E.2d at 525. This Court disagreed, concluding that the county-managed ambu-

lance service was a governmental undertaking to which the protection of sovereign immunity applied. We reasoned that:

> "Providing for the health and welfare of the citizens of the county is a legitimate and traditional function of county government." [*Casey v. Wake County*, 45 N.C. App. 522, 524, 263 S.E.2d 360, 361 (1980).] . . . The fact that Forsyth County charged a fee for its ambulance service does not alone make it a proprietary operation. The test to determine if an activity is governmental in nature is "whether the act is for the common good of all without the element of . . . pecuniary profit." [*McCombs v. City of Asheboro*, 6 N.C. App. 234, 241, 170 S.E.2d 169, 174 (1969).]

*Id.* (citation omitted). We further held that although a private company could provide "ambulance services similar to Forsyth County's[,] [that fact did] not transform the county's [service] into a proprietary function." *Id.* at 587, 518 S.E.2d at 526.

Defendant's reliance on *McIver* is misplaced. A benefit inuring to the public as a result of the municipal undertaking is not dispositive as to whether the activity is governmental, as opposed to proprietary, in nature. As the *Britt* court acknowledged, "[s]ince, in either event, the undertaking must be for a public purpose, any proprietary enterprise must, of necessity, at least incidentally promote or protect the general health, safety, security, or general welfare of the residents of the municipality." *Britt*, 236 N.C. at 451, 73 S.E.2d at 293. Thus, in determining which classification applies, the focus must be whether "the activity is commercial or chiefly for the private advantage of the compact community." *Id.* at 450, 73 S.E.2d at 293. Concerning the management of a coliseum, our Supreme Court resolved this issue in *Aaser v. Charlotte*, 265 N.C. 494, 144 S.E.2d 610 (1965).

Aaser filed an action against the City of Charlotte, the Auditorium-Coliseum Authority, and the Charlotte Hockey Club for injuries she sustained while attending a hockey game. In affirming the trial court's denial of the defendants' motion for nonsuit, the Court stated that:

> The Coliseum is an arena for the holding of exhibitions and athletic events owned by the city of Charlotte and administered for it by the Authority to produce revenue and for the private advantage of the compact community. A city is engaging in a proprietary function when it operates such an arena, or leases it to the promoter of an athletic event, and when it operates refresh-

ment stands in the corridors of the building for the sale of drinks and other items to the patrons of such an event. Consequently, the liability of the city and the Authority to the plaintiff for injury, due to an unsafe condition of the premises, is the same as that of a private person or corporation.

*Aaser*, 265 N.C. at 497, 144 S.E.2d at 613 (citations omitted). Therefore, we hold that the trial court was correct in concluding that operation of the Coliseum was a proprietary function and that defendant was not protected by the doctrine of sovereign immunity. In light of our ruling on this issue, we need not address and we express no opinion as to whether the court correctly concluded that under Chapter 27 of the 1991 Session Laws, defendant was prevented from asserting the doctrine.

**[3]** With its final assignment of error, defendant contends that the trial court improperly considered excerpts of "Insight" magazine, a promotional publication distributed by defendant, in ruling on the motion for summary judgment. The record reveals that plaintiffs first presented these documents in opposition to the motion while the summary judgment hearing was underway. In challenging their consideration by the court, defendant argues that the materials were not properly authenticated and that they were presented in contravention of the requirements of Rule 56 of the Rules of Civil Procedure. Again, we disagree.

A decision to admit and consider evidence offered at a summary judgment hearing is committed to the trial court's discretion. *Home Indemnity Co. v. Hoechst Celanese Corp.*, 128 N.C. App. 189, 200, 494 S.E.2d 774, 781, *disc. review denied*, —— N.C.——, 505 S.E.2d 889 (1998). Because a discretionary ruling is accorded great deference, it will not be disturbed on appeal absent a showing that the decision was manifestly unsupported by reason, or "that it was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

Initially, we note that the magazine excerpts were admissible against defendant as its own admissions. *See Wright v. American General Life Ins. Co.*, 59 N.C. App. 591, 596, 297 S.E.2d 910, 914 (1982) (quoting 2 *Brandis on North Carolina Evidence* § 167, at 6 (2d rev. ed. 1982)) (" 'Anything that a party to the action has done, said or written, if relevant to the issues and not subject to some specific exclusionary statute or rule, is admissible against him as an admis-

sion.' ") Furthermore, since "Insight" magazine is self-titled "The Official Cumberland County Coliseum Complex News Magazine," the publication was self-authenticating and could be admitted without any extrinsic showing of legitimacy. *See* N.C.R. Evid. 902(5) & (6) (dispensing with requirement that extrinsic evidence of authenticity be presented prior to admission of official publications, newspapers, and periodicals). Therefore, the trial court did not err in receiving the excerpts into evidence.

As to the timeliness of the materials, Rule 56(c) of the Rules of Civil Procedure provides that when one party moves for summary judgment,

> [t]he adverse party may serve opposing affidavits at least two days before the hearing. If the opposing affidavit is not served on the other part[y] at least two days before the hearing on the motion, the court may continue the matter for a reasonable period to allow the responding party to prepare a response, proceed with the matter without considering the untimely served affidavit, or take such other action as the ends of justice require.

N.C.R. Civ. P. 56(c). Affidavits, however, are but one form of evidence properly considered by the court in ruling on a motion for summary judgment. The court may also consider "the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* Furthermore, Rule 56(c) does not specify that these other forms of evidence be presented at any particular time, much less prior to the hearing. *See id.* Therefore, we have no basis to conclude that plaintiffs violated the mandates of Rule 56(c), and we hold that the trial court did not abuse its discretion by considering the "Insight" excerpts.

In light of the foregoing reasoning, we affirm the denial of defendant's motion for summary judgment.

Affirmed.

Chief Judge EAGLES and Judge FULLER concur.