BARRY HULON HYDE, PLAINTIFF v. ROBERT E. ANDERSON, INDIVIDUALLY; LANCASTER AVIATION, INC., A NORTH CAROLINA CORPORATION; GREEN VALLEY AVIATION GROUP, INC., A NORTH CAROLINA CORPORATION; LEONARD LANCASTER, INDIVIDUALLY; THE CITY OF CONCORD, AND THE CONCORD REGIONAL AIRPORT, DEFENDANTS

No. COA02-1039

(Filed 3 June 2003)

1. **Appeal and Error— appealability—denial of venue change—substantial right**

    The denial of a motion to transfer venue was interlocutory but was immediately appealable because it affected a substantial right.

2. **Venue— municipal entity—county where action arose**

    The denial of a motion to change venue from Mecklenburg County to Cabarrus County in an action against the City of Concord and the Concord Regional Airport was error because defendants were municipal entities. Under N.C.G.S. § 1-77(2),

HYDE v. ANDERSON

[158 N.C. App. 307 (2003)]

venue existed as a matter of right in the county where any part of the cause of action arose and it was unnecessary to inquire into whether the defendants were engaged in a proprietary or a governmental function. However, plaintiffs are not precluded from later filing a motion to return venue to Mecklenburg County for the convenience of witnesses and to promote the ends of justice.

Appeal by defendants City of Concord and Concord Regional Airport from orders filed 8 January 2002 and 15 February 2002 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 April 2003.

*Mineo & Crouse, by Robert A. Mineo, for plaintiff appellee.*

*Robert D. Potter, Jr. for defendant-appellants City of Concord and Concord Regional Airport.*

*Cozen O'Connor, by Michael L. Minsker, for defendant-appellee Robert E. Anderson.*

BRYANT, Judge.

The City of Concord and the Concord Regional Airport (collectively defendants) appeal from orders filed (1) 8 January 2002 denying a motion to transfer this action from Mecklenburg County to Cabarrus County and (2) 15 February 2002 denying a motion to reconsider the motion to transfer.[1]

On 10 May 2001, Barry Hulon Hyde (plaintiff) filed a complaint against defendants in Mecklenburg County Superior Court, which was later amended on 6 June 2001. Plaintiff alleged he had suffered damages from injuries sustained in a plane crash caused by defendants' negligence. The aircraft in which plaintiff was flying crashed due to a lack of fuel. Plaintiff alleged defendants had a duty to refuel the aircraft daily but had failed to do so on the day of the crash.

Defendants filed their answer on 6 August 2001 and included a motion to transfer the case to Cabarrus County, the county in which defendants are located. Defendants argued Cabarrus County was the proper venue for this action either as a matter of right or, in the alternative, as a matter of convenience to the witnesses and the

---

1. On 1 March 2002, Robert E. Anderson, Lancaster Aviation, Inc., Green Valley Aviation Group, Inc., and Leonard Lancaster were voluntarily dismissed with prejudice from this action.

parties. Following a hearing, the trial court denied this motion and subsequently denied reconsideration of the motion.

[1],[2] The dispositive issue is whether defendants, as municipal entities, are entitled to have this case transferred to Cabarrus County as a matter of right.[2]

Defendants contend that the trial court erred in denying their motion to transfer venue. As an initial matter, we note that although this appeal is interlocutory, it is properly before this Court as a denial of a motion to transfer venue affects a substantial right. *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 121-22, 535 S.E.2d 397, 401 (2000). Actions against public officers for acts done by virtue of their office "must be tried in the county where the cause, or some part thereof, arose." N.C.G.S. § 1-77 (2001); *see Thompson*, 140 N.C. App. at 122, 535 S.E.2d at 401. An action against a municipality is an action against a public officer under N.C. Gen. Stat. § 1-77(2) for purposes of venue. *Thompson*, 140 N.C. App. at 122, 535 S.E.2d at 401; *see* N.C.G.S. § 1-77(2) (2001). Proper venue for actions against municipalities is, therefore, usually the county in which the cause of action arose. *See Jarrell v. Town of Topsail Beach*, 105 N.C. App. 331, 332, 412 S.E.2d 680, 680 (1992). Under N.C. Gen. Stat. § 1-83(1), the trial court has the power to transfer a trial to another venue "[w]hen the county designated for that purpose is not the proper one." N.C.G.S. § 1-83(1) (2001). "[O]nce [a] defendant has made a timely motion requesting a change of venue, upon making the appropriate findings, the [trial] court lacks discretion to resolve the issue and must transfer the case to the place of proper venue." *Thompson*, 140 N.C. App. at 122, 535 S.E.2d at 401-02 (citing *Cheek v. Higgins*, 76 N.C. App. 151, 153, 331 S.E.2d 712, 714 (1985)).

In this case, plaintiff does not argue either that defendants are not municipal entities, and thus, section 1-77 does not apply, *see Lee v. Poston*, 233 N.C. 546, 547, 64 S.E.2d 835, 836 (1951), or that venue is controlled by other statutory authority even though the suit is against a municipality, *see Jarrell*, 105 N.C. App. at 333, 412 S.E.2d at 681. Instead, plaintiff contends that refueling aircraft is a proprietary function and not a governmental function. As such, plaintiff maintains, defendants were not executing the duties of "a public officer done by him by virtue of his office." Plaintiff's position is that the correct test

---

2. Defendants do not appeal the denial of the motion to change venue on grounds of convenience to the witnesses or parties.

for determining if section 1-77(2) applies should be whether a municipality is engaged in a proprietary function or a governmental function. Although we acknowledge this is the proper test for determining whether a governmental actor is entitled to sovereign immunity, *see Pierson v. Cumberland County Civic Ctr. Comm'n.*, 141 N.C. App. 628, 631, 540 S.E.2d 810, 813 (2000), we discern no basis for applying it to determinations of venue in suits against a municipality.

North Carolina courts have, in fact, long recognized that by definition:

> since a municipality may act only through its officers and agents, an action against a municipality is an action against "a public officer" within the meaning of the provisions of [N.C. Gen. Stat. §] 1-77 (2), . . . and that a proper venue against a municipality is the county where the cause of action, or some part thereof, arose, and that if an action against a municipality be instituted in any other county the municipality has the right, upon motion aptly made, to have the action removed to the proper county.

*Godfrey v. Power Co.*, 224 N.C. 657, 659, 32 S.E.2d 27, 29 (1944); *see Thompson*, 140 N.C. App. at 122, 535 S.E.2d at 401-02; *Pitts Fire Safety Serv., Inc. v. City of Greensboro*, 42 N.C. App. 79, 80, 255 S.E.2d 615, 616 (1979); *see also Light Co. v. Commissioners*, 151 N.C. 558, 560, 66 S.E. 569, 569-70 (1909) (in reviewing a denial of a removal motion, it is unnecessary to determine whether a defendant's actions are administrative or technically governmental in nature). Because North Carolina case law defines any action against a municipality as an action against a public officer falling under section 1-77, it is unnecessary to inquire into whether the municipality was engaged in a proprietary or governmental function. This reaffirms the general rule that in actions against municipal defendants, venue exists, as a matter of right, in the county where the cause of action, or any part thereof, arose. In the case *sub judice*, the cause of action arose in Cabarrus County, and thus, defendants have a right to have this action transferred to that venue. Accordingly, the trial court erred in denying defendants' motion to transfer, and we must reverse the orders of the trial court and remand this case to be transferred from Mecklenburg County Superior Court to Cabarrus County Superior Court.[3]

---

3. Defendants' right to remove venue to Cabarrus County does not, however, "preclude plaintiff from later filing a motion to return venue to Mecklenburg County for the convenience of witnesses and to promote the ends of justice." *Thompson*, 140 N.C. App. at 122, 535 S.E.2d at 402.

**HYDE v. ANDERSON**

[158 N.C. App. 307 (2003)]

Reversed and remanded.

Judges TIMMONS-GOODSON and GEER concur.