Valleygate Dental Surgery of Charlotte, LLC v. Farrell, 2025 NCBC 60.

STATE OF NORTH CAROLINA

CUMBERLAND COUNTY

VALLEYGATE DENTAL SURGERY
OF CHARLOTTE, LLC,

Plaintiff,

v.

BRIAN B. FARRELL, BART C.
FARRELL, DANIEL R. COOK, and
WAHEED MOHAMED,

Defendants,

BRIAN B. FARRELL, BART C.
FARRELL, DANIEL R. COOK, and
WAHEED MOHAMED,

Counterclaim
Plaintiffs,

v.

VALLEYGATE DENTAL SURGERY
OF CHARLOTTE, LLC,
VALLEYGATE DENTAL SURGERY
CENTER HOLDINGS, LLC, ROSSI
WILLIAMS, EMILY DUNLAP, SUN
H. HWANG, RAFAEL RIVERA, JR.,
MARCELA MUJICA, and DAVID H.
MOORE,

Counterclaim
Defendants,

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV005376-250

**ORDER AND OPINION ON
DEFENDANTS' MOTION TO DISMISS
BASED ON IMPROPER VENUE AND
ALTERNATIVE MOTION TO
TRANSFER VENUE**

BRIAN B. FARRELL, BART C.
FARRELL, DANIEL R. COOK, and
WAHEED MOHAMED,

                    Third-Party
                    Plaintiffs,

v.

VALLEYGATE DENTAL SURGERY
CENTER HOLDINGS, LLC,

                    Third-Party
                    Defendant.

1.      This matter is before the Court on Defendants' motion to dismiss based on improper venue and alternative motion to transfer venue. (ECF No. 11).

2.      Having considered the complaint, the motion, the written and oral arguments of counsel, and other relevant matters, the Court hereby **DENIES** the motion for the reasons set forth below.

> *Brooks, Pierce, McLendon, Humphrey & Leonard, LLP, by James C. Adams and Vanessa Canuto, for Plaintiff Valleygate Dental Surgery of Charlotte, LLC.*
>
> *Shumaker, Loop & Kendrick, LLP, by Abigail Y. Bechtol, Lucas D. Garber, and Tricia Wilson Magee, for Defendants Waheed Mohamed, Daniel Cook, Bart Farrell, and Brian Farrell.*

Houston, Judge.

## I. BACKGROUND

3. The Court summarizes here only those portions of the procedural history and factual background relevant to its determination of the motion.

4. The case arises out of an ownership dispute over a dental practice. Plaintiff Valleygate Dental Surgery of Charlotte, LLC is a North Carolina limited liability company operating a dental surgery center in Charlotte, which is located in Mecklenburg County, North Carolina. (ECF No. 2, ¶¶ 1, 10).

5. Defendants Brian B. Farrell, Bart C. Farrell, Daniel R. Cook, and Waheed Mohamed are members of Plaintiff and are residents of Mecklenburg County. (ECF No. 2, ¶¶ 2–5, 11).

6. Plaintiff alleges in its complaint that Plaintiff's principal place of business is Cumberland County, North Carolina, (ECF No. 2, ¶ 6), and it is undisputed that Plaintiff's "Principal Office" and its "Registered Agent Office," both as registered with the North Carolina Secretary of State, are located in Fayetteville, which is in Cumberland County, North Carolina. (ECF No. 12.2, § A, ¶¶ 4–5; § B, ¶¶ 4–5; and § C).[1]

7. Plaintiff filed this action on 16 April 2025 in Cumberland County Superior Court, asserting that "Cumberland County is a proper venue for this action pursuant to N.C. Gen. Stat. § 1-82, because Plaintiff's principal place of business is in Cumberland County as of the commencement hereof." (ECF No. 2, ¶ 9).

---

[1] Though Defendants argue that Plaintiff's principal place of business is in Mecklenburg County, they do not dispute that its *registered* office is in Cumberland County, North Carolina. Defendants have also admitted in their verified answer that Plaintiff's principal place of business is in Cumberland County, North Carolina. (ECF No. 19, ¶ 1).

8.  This case was designated as an exceptional case under Rule 2.1 of the General Rules of Practice for the Superior and District Courts and was assigned to the undersigned judge on 17 April 2025. (ECF No. 1).

9.  On 23 June 2025, Defendants filed a motion to dismiss for improper venue and alternative motion to transfer venue. (ECF No. 11). Defendants seek to have this action dismissed for improper venue "[b]ecause Valleygate's 'principal place of business' is Mecklenburg County and no other named party resides in Cumberland County[.]" (ECF No. 11, ¶ 7). Alternatively, Defendants contend that, under N.C. Gen. Stat. § 1-83(2), transfer of the action to Mecklenburg County "would promote the ends of justice based on the location and convenience of the anticipated witnesses at the trial of this matter and on the fact that the events giving rise to this action all occurred in Mecklenburg County, where the surgery center is located." (ECF No. 11, ¶ 8).

10. As an exhibit to their motion, Defendants filed a copy of Plaintiff's purported operating agreement, (ECF No. 12.1), and certain 2025 Limited Liability Company Annual Reports, including Plaintiff's 2025 report, reflecting that Plaintiff's registered principal office address and its registered agent address are in Cumberland County, North Carolina. (ECF No. 12.2, § A, ¶¶ 4–5; § B, ¶¶ 4–5; and § C).

11. Defendants also submitted the Affidavit of Kathy Broom, a process server, in which she contends that most of the parties to this action are residents of either Mecklenburg, Union, or Cabarrus Counties. (*See generally* ECF No. 11.1).

12. Though Defendants assert that Plaintiff's principal place of business is in Mecklenburg County, they acknowledge and do not dispute that Plaintiff's registered office and its registered agent's office are in Cumberland County, North Carolina, as counsel conceded during a hearing before the Court on 27 August 2025. (ECF No. 32).

13. After filing their motion to dismiss, Defendants filed a verified answer, counterclaim, and third-party complaint. (ECF No. 19). In their verified answer, (ECF No. 19, ¶ 1), Defendants admitted Plaintiff's allegation in the complaint that Plaintiff "is a limited liability company organized and existing under the laws of the State of North Carolina *with its principal place of business in Cumberland County, North Carolina.*" (ECF No. 2, ¶ 1 (emphasis added)).

## II. ANALYSIS

14. Under state law, unless a more specific venue statute applies, an

> action must be tried in the county in which the plaintiffs or the defendants, or any of them, reside at its commencement, or if none of the defendants reside in the State, then in the county in which the plaintiffs, or any of them, reside; and if none of the parties reside in the State, then the action may be tried in any county which the plaintiff designates in the plaintiff's summons and complaint, subject to the power of the court to change the place of trial, in the cases provided by statute[.]

N.C. Gen. Stat. § 1-82.

15. The "residence" of a domestic limited liability company in North Carolina includes (i) where the registered or principal office of the limited liability company is located, (ii) where the limited liability company "maintains a place of business," or (iii) "[i]f no registered or principal office is in existence, and no place of business is

currently maintained or can reasonably be found," any place where the company "is regularly engaged in carrying on business." N.C. Gen. Stat. § 1-79(a).

16. A defendant may move to transfer venue if, among other things, (i) "the county designated for that purpose is not the proper one," or (ii) "the convenience of witnesses and the ends of justice would be promoted by the change." N.C. Gen. Stat. § 1-83(1)-(2).

17. If an action is filed in a county other than one permitted by statute and a defendant properly moves to change venue under N.C. Gen. Stat. § 1-83(1), a court must transfer the case to the county of proper venue. *Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 122 (2000).

18. If, on the other hand, a defendant moves to transfer jurisdiction for the convenience of witnesses and the ends of justice under N.C. Gen. Stat. § 1-83(2), the court may determine in its discretion whether to transfer venue. *Godley Constr. Co. v. McDaniel*, 40 N.C. App. 605, 607 (1979).

19. In such discretionary instances, the defendant bears a heavy burden to show that venue should be transferred. *Wachovia Bank v. Deutsche Bank Trust Co. Ams.*, 2006 NCBC LEXIS 10, at *18 (N.C. Super. Ct. June 2, 2006) ("Courts generally give great deference to a plaintiff's choice of forum, and a defendant must satisfy a heavy burden to alter that choice by transferring or staying the case.").

20. "There is no 'bright line' test" in evaluating the trial court's use of its discretion in determining whether to transfer venue under N.C. Gen. Stat. § 1-83(2). *Zetino-Cruz v. Benitez-Zetino*, 249 N.C. App. 218, 226 (2016).

21.    Here, as Plaintiff's registered office is undisputedly in Cumberland County and as Defendants have separately admitted in their answer that Plaintiff's principal place of business is in Cumberland County, venue is appropriate under N.C. Gen. Stat. § 1-83(1) on either of these bases independently and both of them together.

22.    Thus, to the extent Defendants' motion is premised upon Rule 12(b)(3) or N.C. Gen. Stat. § 1-83(1), the motion is appropriately **DENIED**.

23.    Further, with respect to Defendants' alternative request to transfer venue pursuant to N.C. Gen. Stat. § 1-83(2), the Court determines in its discretion that Defendants have failed to meet their burden to demonstrate that "the convenience of witnesses and the ends of justice would be promoted by the change." N.C. Gen. Stat. § 1-83(2).

24.    The Court notes that, under the North Carolina Business Court Rules and the Case Management Order in this action, the Court may conduct all pretrial proceedings (including hearings) in this action either remotely through use of the Court's teleconferencing technology or, alternatively, in person in any location ordered by the Court. (BCR 6.2; ECF No. 31, ¶ 6(a)). The Court may, of course, consider the locations of counsel, the parties, and other factors in determining when and where to hold such pretrial proceedings.

25.    Though Defendants contend that venue is more appropriate in Mecklenburg County because Plaintiff's dental surgery center, the parties, and potential unnamed witnesses are located there, (ECF No. 12 at 5-7), Defendants have identified little in the way of compelling substantive evidence to suggest that venue in Cumberland

County is unduly burdensome or expensive, inconvenient to any particular witnesses, contrary to the interests of justice, or otherwise that a change of venue is warranted.

26. Rather, the evidence offered by Defendants primarily consists of an affidavit indicating that many of the parties to the action live in Mecklenburg County or neighboring counties. (*See generally* ECF No. 11.1).

27. While the parties may well find travel to Mecklenburg County more convenient and less expensive—and even preferable—Defendants have not shown that conducting trial in Cumberland County, Plaintiff's venue of choice and an appropriate venue under the law, would substantially further the convenience of witnesses, promote the ends of justice, "demand" transfer, or otherwise deprive any party of a fair trial. *Godley*, 40 N.C. App. at 608–09 ("[T]he trial court has not manifestly abused its discretion in refusing to change the venue for trial of an action pursuant to G.S. 1-83(2) unless it appears from the matters and things in evidence before the trial court that the ends of justice will not merely be promoted by, but in addition demand, the change of venue . . . or that failure to grant the change of venue will deny the movant a fair trial . . ." (citations omitted)); *see also Heustess v. Bladenboro Emergency Servs., Inc.*, 249 N.C. App. 486 (2016) (affirming denial of motion to transfer venue).

28. Thus, the Court determines in its discretion that Defendants' alternative motion to transfer under § 1-83(2) is appropriately **DENIED**.

29.     Accordingly, in the Court's discretion where applicable, Defendants' motion to dismiss based on improper venue and alternative motion to transfer venue, (ECF No. 11), are **DENIED**.

**SO ORDERED**, this 7th day of October 2025.

/s/ Matthew T. Houston

Matthew T. Houston
Special Superior Court Judge
 for Complex Business Cases