An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-843

Filed 4 March 2026

Guilford County, No. 23CVS006387-400

ESTAFANY MARTINEZ-MARTINEZ and ADELA ARNULFO-PLATA, Plaintiffs,

v.

ALBERT LOPEZ, JOY LOPEZ, and IGLESIA BAUTISTA PUERTA ABIERTA, a Non-Profit Corporation, Defendants.

Appeal by defendants from orders entered 5 March 2024 by Judge Richard L. Doughton in Guilford County Superior Court. Heard in the Court of Appeals 26 February 2025.

> *Ellis & Winters LLP, by Joseph D. Hammond, Alex J. Hagan, and Derrick C. Foard, for defendant-appellant Iglesia Bautista Puerta Abierta.*

> *McDonald Wright, LLP, by David W. McDonald, for defendants-appellants Albert Lopez and Joy Lopez.*

> *A.G. Linett & Associates, PA, by Adam G. Linett, for plaintiffs-appellees.*

GORE, Judge.

Defendants Albert and Joy Lopez appeal from the trial court's denial of their motions to dismiss. Defendant Iglesia Bautista Puerta Abierta filed a separate appeal, which it withdrew by consent motion granted by this Court on 10 December

2025. We dismiss the Lopezes' appeal for lack of appellate jurisdiction.

The Lopezes argue the trial court erred in denying their motions to dismiss Adela Arnulfo-Plata's claims as barred compulsory counterclaims under Rule 13(a) and Estafany Martinez-Martinez's claims as time-barred under the statute of limitations. To obtain interlocutory review, defendants must demonstrate the denial affects a substantial right. They cannot do so.

First, the compulsory counterclaim argument fails. To establish a substantial right, the Lopezes must show that allowing the claims to proceed would risk inconsistent verdicts. *See Green v. Duke Power Co.*, 305 N.C. 603, 608 (1982). They cannot. The prior lawsuit (23-CVS-3121) involved different parties and claims—assault, battery, and false imprisonment. This case involves negligence, negligent supervision, civil conspiracy, ratification, and punitive damages. "The mere fact that claims arise from a single event, transaction, or occurrence does not, without more, necessitate a conclusion that inconsistent verdicts may occur unless all of the affected claims are considered in a single proceeding." *Hamilton v. Mortg. Info. Servs.*, 212 N.C. App. 73, 73 (2011).

Second, the statute of limitations argument fails. Denial of a statute of limitations defense does not affect a substantial right and is not immediately appealable. *Thompson v. Norfolk & S. Ry.*, 140 N.C. App. 115, 121 (2000). Moreover, the Lopezes waived this defense by failing to plead it in their answer. *See Carcano v. JBSS, LLC*, 291 N.C. App. 522, 530 (2023).

The Lopezes have not established that immediate review is warranted. This Court lacks jurisdiction.

DISMISSED.

Judges ZACHARY and COLLINS concur.

Report per Rule 30(e).